47 N.J. Super. 265 (1957)
135 A.2d 877
CITY OF PASSAIC, A MUNICIPAL CORPORATION, PLAINTIFF,
v.
WILLIAM KINGSLEY, ACTING DIRECTOR, DIVISION OF TAXATION OF THE STATE OF NEW JERSEY, AND PASSAIC COUNTY BOARD OF TAXATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1957.
Decided October 31, 1957.
*266 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. David M. Satz, Jr., Deputy Attorney-General, argued the cause for defendants (Mr. Grover C. Richman, Jr., Attorney-General, attorney).
Mr. William U. Gurtman argued the cause for plaintiff.
The opinion of the court was delivered by CONFORD, J.A.D.
This is a motion to dismiss an original petition filed in this Division, pursuant to R.R. 4:88-10, *267 seeking a declaration as to the validity of a supposed administrative rule or regulation of the Director of Taxation of the State of New Jersey "in prescribing or promulgating the form of the table of aggregates for the several county boards of taxation pursuant to N.J.S.A. 54:4-52." The motion is primarily based upon the contention that no such rule or regulation exists, within the contemplation of the cited rule of court.
Plaintiff concedes there is no written administrative rule of the purport indicated, but contends that the substance of a rule does exist, reflected by the form for tables of aggregates (sometimes referred to as county abstracts of ratables) prescribed by defendant for use by county boards of taxation in preparation of tables of aggregates pursuant to the cited statute. Plaintiff's grievance is that in computing the net assessed valuations for the year 1957 upon the basis of which each municipality's county taxes are apportioned for that year the assessed valuations of tangible personal property have been included by the Passaic County Board of Taxation under the alleged administrative rule here impugned. As these valuations, unlike real property valuations, are not equalized, nor apparently required by statute to be, it is plaintiff's position that the resulting apportionment of county taxes "is contrary to law and is in violation of the constitutional requirement for the equality of treatment for all the taxing districts in the County" (of Passaic) and particularly the City of Passaic and its taxpayers. A similar substantive complaint for the tax year 1956 was presented by appeal before the State Division of Tax Appeals and pends there, undetermined.
R.R. 4:88-10 reads in part as follows:
"Review of the validity of any administrative rule promulgated by any state administrative agency shall be by petition for a declaratory judgment addressed to the Appellate Division. The petition shall set forth the rule being attacked, together with facts pertaining to its adoption, the claims of the petitioner, together with supporting facts and such other matters as may be material. Upon the filing of the petition, copies shall be served upon the agency and all other parties, and affidavit or acknowledgment of service shall *268 be filed with the Appellate Division. Within 30 days after service of the petition, the agency shall transmit to the Appellate Division its answer thereto, together with the original or certified copy of the record of the proceedings resulting in the promulgation of the rule being reviewed; * * *." (Emphasis supplied).
It would seem that the rule of court contemplates, generally, a formal rule promulgated under circumstances indicating an intention to adopt a piece of administrative legislation of specifically identifiable content. Cf. Bailey v. Council of the Division of Planning, 22 N.J. 366, 373 (1956); Carls v. Civil Service Commission, 17 N.J. 215, 219, 220 (1955). No such rule is set forth in the petition herein, as required by the rule of court. But it is unnecessary to decide on this motion whether an administrative rule, within the intent of the rule of court, must necessarily be found in a specifically formulated written expression styled as a rule or regulation. We have concluded on the proofs submitted on this motion that the apportionment of county taxes by the Passaic County Board of Taxation on the basis of net valuations inclusive of tangible personal property ratables is not the result of any rule or direction of the State Director of the Division of Taxation but of a long standing construction to that effect of the applicable statutes by county boards of taxation, generally.
The sequence of numbered items specified for statement in the tables of aggregates pursuant to N.J.S.A. 54:4-52, particularly items (5) to (12) inclusive, leads to a natural deduction that the "net valuation on which county, State and State school taxes are apportioned" (item 12) shall include "the value of the personal property assessed" (item 5). While we are not called upon in the decision of this motion to decide the matter of statutory construction, or the constitutionality of the statute, if so construed, we cannot avoid noting the obviousness of the construction to the effect stated, insofar as N.J.S.A. 54:4-52 is concerned, in indicating why we believe that the last paragraph of the section, in permitting the defendant to make "changes" in the items stated or to add "other matters," and in directing that he *269 prescribe "the forms" for the tables for use by the county boards, could not have intended that he have discretion to determine whether or not personal property valuations should be included for purposes of apportioning county taxes. That important policy determination was reserved by the Legislature for itself, and its content is to be resolved primarily upon the basis of N.J.S.A. 54:4-48, 49, where the subject of apportionment of county taxes is dealt with directly, N.J.S.A. 54:4-52 being, perhaps, an indirect aid to construction of the legislative intent as in pari materia.
The affidavit of the defendant is to the effect, unequivocally, that neither he nor any predecessor, so far as the records of his office disclose, ever issued any "rule, order, regulation or instruction, written or unwritten" to any county board of taxation requiring that assessed valuations of personal property be included for purposes of apportionment of county taxes. All that the Director of the Division of Taxation has ever done has been to prepare a model form of county table of aggregates for the guidance of the several county tax boards, as directed by the statute. The form has never been intended nor purported to have substantive effect insofar as the method of apportionment of county taxes is concerned. Copies of the annual tables of aggregates of each county board of taxation, including that of Passaic County, from 1931 forward, are annexed to the affidavit of the defendant, and these indicate that personal property valuations have uniformly been included in the net aggregates for apportionment of county taxes. This consistent course of administrative action by the county boards is stated in the affidavit to have been taken "independently of any direction or rule of the State Division of Taxation or its predecessor agency, the State Tax Department." Plaintiff suggests that the office of the defendant may have advised the county boards, upon inquiry, that they were legally correct in the controverted method of apportioning the county taxes. This, if true, would not constitute the promulgation of an administrative rule or regulation by the defendant, but merely an advisory opinion.
*270 Plaintiff has filed a transcript of the testimony of the defendant taken before the Division of Tax Appeals in the pending review there of the action of the Passaic County Board in apportionment of county taxes for the year 1956. But we discern nothing therein inconsistent with his affidavit in the instant proceedings. He concedes that he prepares the form for the tables of aggregates but avers that he simply follows the mandatory requirement of the statute that one of the columns antecedent to that stating the net valuation on which county taxes are apportioned should set forth the value of the personal property assessed. He testified that the requirement that the county board include the personal property assessments in the total valuations upon which county taxes are apportioned is a result of the statutory specifications for the tables. We are in full accord.
On the uncontroverted facts before us we conclude that the formulation of the 1957 apportionment complained of is the product of a long-standing practical construction by this and all other county boards of taxation of the statute, not of any direction by the defendant or his department.
In particular reference to the issue here involved, the action of the defendant in prescribing a form of table of aggregates as directed by the statute was but the performance of a ministerial duty, not the exercise of the discretionary rule-making function. 42 Am. Jur., Public Administrative Law, § 30, pp. 321, 322; and see State v. Winne, 21 N.J. Super. 180, 199 (Law Div. 1952), reversed on other grounds, 12 N.J. 152 (1953). In setting up a column for personal property assessments in the table he was following the express statutory direction.
While it is highly desirable that the meritorious questions which plaintiff has raised should have judicial determination expeditiously, that aim cannot be furthered by the assumption of original jurisdiction by this Division under the aegis of R.R. 4:88-10 in a case where, as we find to be the situation here, there is no administrative rule of a state administrative agency to review.
The petition will be ordered dismissed.