54 N.J. Super. 215 (1959)
148 A.2d 630
CITY OF PASSAIC, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT,
v.
DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1959.
Decided February 20, 1959.
*216 Before Judges CONFORD, FREUND and HANEMAN.
Mr. William N. Gurtman argued the cause for plaintiff-appellant.
Mr. Theodore I. Botter, Deputy Attorney General, argued the cause for defendant-respondent (Mr. David D. Furman, Attorney General of New Jersey, attorney; Mr. Botter, on the brief).
PER CURIAM.
The City of Passaic appeals from the refusal of the Division of Tax Appeals, Department of the Treasury, *217 to accept for filing a petition for review prepared by the city seeking the review and correction of the abstract of ratables issued by the Passaic County Board of Taxation. The Division claimed that the petition was filed out of time, contrary to its rules.
The undisputed proof is that the Passaic County Board of Taxation, pursuant to N.J.S.A. 54:4-52, prepared a table of aggregates (also known as an abstract of ratables) for the County of Passaic for the year 1958. The table was adopted by the board on April 10, 1958 and was certified to the county treasurer on April 16, 1958. It is admitted that the city's petition was not mailed to the Division until June 13, 1958, more than 30 days after the action was taken by the county board. The applicable rule of the Division of Tax Appeals, Rule V(D), was adopted pursuant to N.J.S.A. 54:2-35. The statute provides that any "action or determination" of a county board of taxation, with certain exceptions, may be appealed to the Division of Tax Appeals under rules to be prescribed by the Division. The rule requires appeals from county tax boards to be filed with the Division within 30 days of the action or determination appealed from (with certain exceptions not here material). The city seeks to escape the consequences of noncompliance with Rule V(D) on the grounds that no copy of the table had been forwarded to the Passaic City Clerk's office until May 19, 1958 and that the city attorney had no actual knowledge of the adoption of the table until May 20, 1958.
The substantive question sought to be raised by the city in its petition was the propriety of including tangible personal property assessments in the table of aggregates. See City of Passaic v. Kingsley, 47 N.J. Super. 265 (App. Div. 1957). The only question involved here, however, is the timeliness of the appeal to the Division of Tax Appeals.
The sole point briefed on behalf of the city is that, in view of the fact that no actual notice of the adoption of the table was given the municipality until May 19, the 30-day period within which appeals must be taken to the Division *218 did not terminate until June 18 and that, therefore, the mailing of its petition on June 13 was timely. Reliance is had upon R.R. 1:3-1(b), which provides for a 45-day period of appeal to commence on the date of the service of the agency decision or of the notice of the action taken. It is urged that if a difference of time periods exists (between the rules of court and the rules of an administrative agency), the rules of court must prevail under the principle established by Winberry v. Salisbury, 5 N.J. 240 (1950).
The argument must fall with the premise upon which it is based. The rules of court do not purport to regulate the procedure governing appeals to state administrative agencies. R.R. 1:3-1 governs the time for an appeal only when it is taken "to the appropriate appellate court * * *." The time limits prescribed by the rules of court for appeals to an appellate court are not applicable to appeals to such state administrative agencies as the Division of Tax Appeals. See Lamastra v. Montgomery Ward & Co., 25 N.J. Super. 14 (App. Div. 1953); Kolonkiewicz v. W. Ames & Co., 23 N.J. Super. 265, 272-73 (Cty. Ct. 1952). Cf. Delaware Twp. v. Neeld, 52 N.J. Super. 63 (App. Div. 1958). The right of appeal to the Division of Tax Appeals is purely statutory. N.J.S.A. 54:2-35; City of Newark v. Fischer, 3 N.J. 488, 493 (1950).
Nor is there room within which to interpret the Division's Rule V(D) as providing for the commencement of the time for appeal upon the service or notice of the action to the county tax board. Rule V(D) explicitly requires the appeal to be taken within 30 days of the county board's "action or determination." Even if the rule were susceptible of interpretation, as the city contends, we would be compelled to interpret it not in the light of the pertinent court rule but rather in that of the legislative policy that proceedings involving assessments of taxes and governmental fiscal matters be brought promptly within the specified periods of time. Suburban Department Stores v. City of East Orange, 47 N.J. Super. 472, 480 (App. Div. 1957); Cleff Realty Co. v. Jersey City, 41 N.J. Super. 465 (App. *219 Div. 1956). The statutory duty of the county board is to fill out the table by April 10. N.J.S.A. 54:4-52. In this case the petition was not mailed until June 13, more than 30 days after April 16 when the table became a public record on file with the county treasurer, and more than 30 days after May 1, which, under N.J.S.A. 54:4-55, is the final date upon which all tax duplicates  corrected, revised, and completed  are required to be delivered to the tax collectors of each district. These reflect the tabulations made in the table of aggregates. It is apparent that the statutory scheme is to charge all affected municipalities with constructive notice of the contents of the table from the date of its adoption by the county board.
Affirmed.