HAMILL, J.T.C.
This is a motion by defendant, Director, Division of Taxation, to dismiss a state tax complaint for untimely filing.
On the return date of the motion, I ruled from the bench that, for the tax years at issue, the time for filing a state tax complaint commences to run on the date the Division of Taxation mails its notice to the taxpayer, not on the date shown on the Division’s letter. I then gave the Director a period of time in which to advise whether he wished to pursue a proof of mailing hearing. The Director subsequently advised that he would not submit proof of mailing. Instead, the Director filed a letter brief arguing as a matter of law that the period for filing a complaint commences on the date of the Director’s action, (in this case the date of the Director’s letter) rather than on the date of mailing.
In view of the Director’s determination not to pursue a proof of mailing hearing, I am denying the Director’s motion to dismiss the complaint for untimely filing. As I stated on the record, without proof as to when the Division of Taxation’s notice denying plaintiffs refund claim was mailed, the Director has not established that plaintiffs complaint was filed beyond the 90 days allowed by N.J.S.A. 54:51A-14 plus three days for mailing as allowed by R. 1:3-3.
To briefly summarize the pertinent facts, the Director issued a letter on January 22, 1993 denying plaintiffs claim for refund of corporation business tax. Plaintiffs complaint challenging the refund denial was stamped received by the Tax Court clerk’s office on April 27, 1993, 95 days after the date on the Director’s letter. As the ninety-third day following January 22 was Sunday, April 25, the statute of limitations (including three days for mailing) expired on Monday, April 26, assuming that the 90 days began to run on the date of the Director’s letter. Thus, according to the Director, the complaint was filed one day late.
Plaintiff argues, and I agree, that under the statute then in force and the pertinent court rules, the 90-day period did not *122 commence to run on the date of the Director’s letter but rather on the date the letter was mailed.
Although the applicable statutes and regulation, in particular N.J.S.A 54:51A-14, N.J.S.A. 54:10A-19.2, and N.J.A.C. 18:1-1.8(a), all suggest that the 90-day period commences to run on the date of the Director’s action, N.J.S.A 54:10A-19.2 makes clear that an appeal to the Tax Court is to be taken in accordance with the State Tax Uniform Procedure Law. That law, in particular N.J.S.A 54:51A-18, provides in pertinent part that, “service and all other matters with respect to the complaint ... shall be as prescribed by rules of court.” The rules of court, specifically R. 8:4-2(a), provide that, “[t]he time period [for filing a complaint] shall be calculated from the date of service of the decision or notice of the action taken.” In Holmdel Tp. v. Director, Division of Taxation, 12 N.J.Tax 112,115-17 (App.Div.1991), aff'd o.b., 130 N.J. 522, 617 A.2d 656 (1992), the Appellate Division concluded that in calculating the 90-day statute of limitations prescribed by N.J.S.A 54:51A-14, three, extra days for mailing should be allowed pursuant to R. 1:3-3 because N.J.S.A. 54:51A-18 mandates application of the court rules to service of the complaint. If R. 1:3-3 applies in calculating the 90-day statute of limitations, so too does R. 8:4-2(a).
Under R. l:5-4(b) service is complete on mailing. The common law rule is to the same effect. See Borgia v. Board of Review, 21 N.J.Super. 462, 467, 91 A.2d 441 (App.Div.1952) (“‘Service of process by mail, when authorized, is deemed complete when the writ is deposited in the post office, properly addressed and with the proper amount of postage.” (quoting 42 Am.Jur., Process § 60 (1942)). See also Amodio v. Civil Serv. Comm’n, 81 N.J.Super. 22, 27, 194 A.2d 512 (App.Div.1963); 62B Am.Jur.2d Process § 228 (1990).
The evidence does not establish that the Director’s letter was mailed on the same day it was dated, viz. January 22, 1993. If mailed on the next business day, which was January 25, the ninety-third day would have been April 28, and plaintiffs complaint, received by the clerk on April 27, would have been timely. *123 As the Director has not proved that his letter was mailed on January 22, he has not established that the complaint was filed beyond the 90-day statute of limitations augmented by three extra days for mailing.
In his post-argument letter brief, the Director takes the position that the time to appeal to the Tax Court in a state tax case runs from the date of the action to be reviewed, not from service of the Director’s action.
The Director argues that R. 8:4-1 pertaining to the time for filing a complaint is divided into two subsections, subsection (a) pertaining to local property tax appeals and subsection (b) pertaining to state tax appeals. According to the Director, subsection (a) is clear that the time for appealing a judgment of a county board of taxation in a local property tax matter runs from the date the judgment is mailed. On the other hand, according to the Director, subsection (b) pertaining to state tax appeals is clear that the 90 days run from the “date of the action to be reviewed,” and that date was the date of the Director’s letter. The argument continues that this dichotomy between local property tax and state tax procedure is carried over to R. 8:4-2(a). Rule 8:4-2 pertains to the calculation of the time for filing a complaint, and subsection (a) of the rule states: “General. The time period shall be calculated from the date of service of the decision or notice of the action taken.” According to the Director, “the date of service of the decision” starts the period for appealing a local property tax matter, while “notice of the action taken” starts the period for appealing a state tax matter.
If defendant were correct, the time to appeal in a state tax matter would run, not from the date of the Director’s action but rather from the date when notice of the action was actually received because only at that point would a taxpayer have “notice of the action taken.” It seems highly unlikely that the drafters of R. 8:4-2(a) intended that the 90-day appeal period for state tax matters should commence to run only when a taxpayer receives a determination letter from the Director because the date of receipt would be unknown to the Director and susceptible to manipulation.
*124 There are two more plausible constructions of R. 8:4-2(a). The first is that the rule is intended to cover two situations — (1) service of the taxing authority’s determination by mail, whether a county board judgment or a determination of the Director, and (2) actual notice of the taxing authority’s action, e.g., hand delivery of a county board judgment or a determination of the Director. The difficulty with the first construction is that under the court rules, “service” may include both service by mail and personal service, R. 1:5-2, and personal service would provide actual notice, such that the phrase “notice of the action taken” would be redundant. Additionally, had the drafters of the rule intended that “service” and “notice” refer to two types of notification, they presumably would have inserted the word “of’ before the word “notice” so that the sentence would have read, “The time period shall be calculated from the date of service of the decision or of notice of the action taken.” Moreover, as plaintiff points out, N.J.S.A. 54:50-6 specifies that any notice required to be given by the Director pursuant to the State Tax Uniform Procedure Law “may be served personally or by mailing the same to the person for whom it is intended____” (emphasis added). As service under the court rules may be by mail or in person, the second and preferable construction of R. 8:4-2(a) is that the word “service” in the sentence “The time period shall be calculated from the date of service of the decision or notice of the action taken” modifies both “decision” and “notice.” Such service may be personal or by mail. Under R. l:5-4(b) service by mail, as was the case here, is complete on mailing.
In further support of his position that R. 8:4-2(a) differentiates the starting point for appealing a county board judgment and an action of the Director, defendant points to the rule’s use of the word “decision” when the time is to be calculated from service and use of the word “action” when service is to be computed from notice of the action taken. Plaintiff responds, and I agree, that the terms “decision” and “action” are not limited to local property tax appeals in the case of “decisions” and state tax appeals in the case of “actions”. Either term may apply to either type of tax as made clear by R. 8:2(a), which provides in part:
*125 (a) General Jurisdiction. The Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment including the promulgation of any rule or regulation of a County Board of Taxation, the Director of the Division, of Taxation, any other state agency or officer (including the Director of the Division of Motor Vehicles) with respect to a tax matter, or a county recording officer with respect to the realty transfer tax.
[emphasis added.]
As can be seen, a “decision” refers to any final act by any state or local taxing authority. “Decisions” are not limited to decisions of a county board, and “actions” are not limited to actions of the Director of the Division of Taxation.
The conclusion that “decisions” and “actions” refer interchangeably to determinations by county boards and the Director is confirmed by the wording of R. 2:2 — 3(a)(2) governing appeals to the Appellate Division. That rule provides in part: “Except as otherwise provided ... appeals may be taken to the Appellate Division as of right ... to review final decisions or actions of any state administrative agency or officer____” As in the ease of R. 8:2(a), R. 2:2-3(a)(2) does not limit agency decisions to one type of agency and agency actions to another.
In Passaic v. Div. of Tax Appeals, 54 N.J.Super. 215, 148 A.2d 630 (App.Div.), certif. denied, 29 N.J. 583,150 A.2d 807 (1959), the Appellate Division affirmed the Division of Tax Appeals’ refusal to entertain an untimely petition filed by Passaic from an action of the county board of taxation. The Division’s rules required that a petition be filed within 30 days of the action or determination taken. The City argued that under the court rules, the 30 days did not commence to run until it had actual notice of the county board action sought to be appealed. As quoted in the court’s opinion, at that time R. 1:3-1 (b) “providefd] for a 45-day period of appeal to commence on the date of the service of the agency decision or of the notice of the action taken.” id. at 218,148 A. 2d 630. The Appellate Division held that the court rules did not apply to appeals to administrative agencies such as the Division of Tax Appeals. Ibid. Moreover, in view of the explicit language of the Division’s rule, there was no basis for construing it “as *126 providing for the commencement of the time for appeal upon the service or notice of the action to [sic] the county board.” Ibid.[1]
This case involves the converse situation, but the principles set forth in Passaic v. Div. of Tax Appeals, supra, 54 N.J.Super. at 218,148 A.2d 630, apply. The court rules govern because N.J.S.A 54:51A-18 requires that all matters with respect to a complaint in the Tax Court are as prescribed by the rules of court. Rule 8:4— 2(a) is clear that the time period for filing a complaint commences with “the date of service of the decision or notice of the action taken.” These dates are not the same as the date of the Director’s action, and there is no room to interpret the rule as providing for the commencement of the appeal period on the date of the Director’s action.
Thus the 90-day appeal period commenced to run when the Director mailed his letter denying plaintiffs refund claim. As the Director has not established the date on which the letter was mailed, under the facts of this case, the Director’s motion to dismiss the complaint for untimely filing must be denied.[2]
As I have concluded that plaintiffs complaint was timely filed, another issue needs to be addressed. The issue is whether *127 plaintiffs failure to comply with the 30-day period for filing a protest pursuant to NJ.S.A. 54:49-18 (as in effect for the period at issue) is in and of itself a basis for dismissing the complaint. I conclude that it is not. Under the statutory scheme for appealing actions of the Director in state tax matters, there is no requirement that a taxpayer exhaust administrative remedies before filing a complaint in the Tax Court. See N.J.S.A. 54:51A-13 to —20; N.J.S.A. 54:49-18a. In other words, a taxpayer may choose to bypass an administrative hearing and appeal direct to the Tax Court from an initial assessment or denial of a refund by the Director.[3] If an administrative hearing may be bypassed intentionally, there seems to be no reason to dismiss a taxpayer’s complaint when an administrative hearing is inadvertently requested beyond the 30-day period specified by statute. The result should be the same whether the bypass is intentional or inadvertent.
An unpublished opinion of this court, which was cited in and attached to the Director’s papers, is not to the contrary. The case does not stand for the proposition that the failure to request a hearing within 30 days in and of itself bars a taxpayer’s timely appeal to the Tax Court. Under the facts of that case, not only was the request for a hearing made beyond the 30-day limit but in addition the complaint was untimely. Thus, the facts do not support the conclusion that an untimely hearing request bars a taxpayer’s timely appeal to the Tax Court.[4]
In light of my decision, there is no need to address plaintiffs alternative argument that the complaint may have been received by the Tax Court Management Office earlier than April 27, 1993, the day on which it was date-stamped “received”. In any event, *128 plaintiff chose not to pursue discovery as to the procedures in the Tax Court Management Office for receiving and date stamping incoming mail, and there is thus no factual support for the argument.
An order denying the Director’s motion to dismiss the complaint is enclosed.

The court in Passaic adopted the first construction of the rule suggested above at page 123-124, under which "service” and "notice” refer to two different types of notification. As quoted by the court, the wording of R. 1:3-1(b) justified this result because the 30 day appeal period ran from "the date of the service of the agency decision or of the notice of the action taken." Passaic, supra, 54 N.J.Super, at 218, 148 A.2d 630. Under current R. 2:4-1 (b) and R. 8:4-2(a), the appeal period commences with the "date of service of the decision or notice of the action taken.” Under this language, grammatically, the second construction suggested above at page 124, is more plausible.

 I make no ruling on the point, but the result in this case might be different under the Taxpayer Bill of Rights. Section 14 of that statute, L.1992, c. 175, amended N.J.S.A. 54:49-18a to specify that, "[tjhe time for appeal to the Tax Court pursuant to subsection a. of R.S. 54:51A-14 ... shall commence from the date of the final determination by the director." The amended statute does not apply in this case because § 14 of the Taxpayer Bill of Rights became effective for complaints filed on or after July 1, 1993, and the complaint in this case was filed on April 27, 1993. N.J.S.A. 54:48-7(f).

 The result of bypassing an administrative hearing is that the 90-day appeal period prescribed by N.J.S.A. 54:51A-14 runs from the Director’s initial action. Peoples Express Co. v. Director, Div. of Taxation, 10 N.J.Tax 417, 424 (Tax 1989).

 Under the Taxpayers' Bill of Rights (L.1992, c. 175), effective July 1, 1993, the 30-day period has been extended to 90 days, the same amount of time for filing a complaint in the Tax Court. N.J.S.A. 54:49-18a.