168 N.J. Super. 178 (1979)
402 A.2d 259
HOWARD LONSK, PLAINTIFF-CROSS APPELLANT,
v.
EDWIN PENNEFATHER ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 9, 1979.
Decided May 8, 1979.
*180 Before Judges FRITZ, BISCHOFF and MORGAN.
Messrs. Land & Finifter, attorneys for cross-appellant (Mr. Frank A. Petro, on the brief).
Appellant did not file a brief.
PER CURIAM.
In this action to foreclose the right to redeem a tax sale certificate the chief issue presented on appeal is whether the right of redemption can be apportioned among several owners of an undivided interest in the land covered by the tax sale certificate. The trial judge concluded that he had the power to apportion the redemption obligation and so ordered. This appeal challenges that ruling.
Plaintiff Howard Lonsk is the owner by assignment dated July 1, 1976 of two tax sale certificates purchased by the assignors on September 10, 1971. These two certificates covered a single tract of undeveloped land of approximately 298 acres in Morris County. On August 23, 1976 plaintiff filed an in personam tax foreclosure action pursuant to N.J.S.A. 54:5-1 et seq., seeking to foreclose defendant's right of redemption with respect to the land covered by the tax sale certificates. The complaint was later amended to include another group of defendants who had an interest in the property. These two groups (hereinafter referred to as the Pennefathers and Woelppers) each owned an undivided one-half interest in the subject property.
*181 On application by plaintiff, the trial judge on July 7, 1977 entered an order (1) striking all pleadings of all defendants, (2) denying the Woelppers' motion for leave to file a claim for partition, (3) setting July 22, 1977 as the date for redemption, (4) determining the amount necessary for redemption, (5) permitting either the Pennefathers or the Woelppers to redeem their individual one-half interest in the land by paying an amount equal to one-half of the total amount required to redeem, and (6) providing that if one of the owners redeems but the other does not, the redeeming group becomes tenants in common with plaintiff, each owning an undivided one-half interest in the land.
On July 22, 1977 the Woelppers redeemed their one-half interest in the land by tendering $55,000 in accordance with the court order. The Pennefathers tendered but $20,000 and applied to the court for further relief. After argument the trial judge, by order dated July 29, 1977, ordered that the Pennefathers had until July 29 to obtain a consent judgment of partition dividing the land into two parcels: one to be owned by the Pennefathers and the other to be owned by the Woelppers. In the absence of such a consent judgment, the order directed that a final judgment of foreclosure in favor of plaintiff and against the Pennefathers would be entered. In the event such a consent judgment was entered on or before July 29, 1977, the time for the Pennefathers to redeem would be extended to September 15, 1977.
An agreement to partition was reached July 28, 1977 and a consent judgment dividing the tract into two parcels was entered July 29, 1977.
On September 15, 1977 the Pennefathers had not yet redeemed and they filed a notice of appeal from the order of July 29 requiring redemption by September 15. Plaintiff filed a cross-appeal from the orders of July 7 and July 29. After the filing of the notice of appeal and without entry of an order remanding the matter to the trial court, contrary to R. 2:9-1, further proceedings were held in the trial court *182 and further orders entered (a) purporting to confirm a settlement agreement between plaintiffs and the Pennefathers, (b) granting ancillary relief to effectuate the settlement, (c) vacating the consent order of July 29, 1977 and (d) voiding an agreement between the Pennefathers and Woelppers. There followed the entry in this court of an order dismissing the Pennefathers' appeal on procedural grounds and permitting plaintiff's cross appeal to continue.
The only issue presented and argued is the validity of the order granting leave for a partial redemption of the tax sale certificate.
The right to redeem land from a tax sale is statutory in origin, and the rights arising therefrom are fixed and determined by the statute. Brewer v. Porch, 53 N.J. 167, 173 (1969). The procedure for conducting an in personam tax foreclosure is expressly delineated in N.J.S.A. 54:5-1 et seq., and the public policy in this State is to encourage tax sale foreclosure so as to assist municipalities in the collection of delinquent taxes. Bron v. Weintraub, 42 N.J. 87, 91 (1964); Kerr v. Trescher, 34 N.J. Super. 437, 441 (Ch. Div. 1955). The statutory provisions respecting tax foreclosures are to be liberally construed as remedial legislation designed to encourage the barring of the right of redemption by actions in the Superior Court and thereby secure marketable titles to land. N.J.S.A. 54:5-85; cf. Bron v. Weintraub, supra 42 N.J. at 91-92.
Bearing these principles in mind, we turn to the statute to see if partial redemption is authorized. N.J.S.A. 54:5-54, which establishes the right of redemption, provides:
Except as hereinafter provided, the owner, mortgagee, occupant or other person having an interest in land sold for municipal liens, may redeem * * * by paying * * * the amount required for redemption as hereinafter set forth.
The amount required for redemption is defined in N.J.S.A. 54:5-58: *183 The amount required to redeem within 10 days from the date of sale shall be the sum paid at the sale, with interest from the date of sale at the rate of redemption for which property was sold. After 10 days from the date of sale, the amount required for redemption shall be that amount plus the expenses incurred by the purchaser as hereinafter provided, and subsequent municipal liens, as provided in sections 54:5-59 and 54:5-60 of this Title * * *. [Emphasis supplied]
These statutes clearly provide that the sum paid at the sale, plus interest and costs, is the amount required for redemption. No provision is made for partial redemption.
There is a statutory method whereby municipal assessments, charges or liens may be apportioned among proper subdivisions of a parcel by the governing body, N.J.S.A. 54:7-1 et seq., but defendants have not sought to avail themselves of this statute. The record fails to disclose an application for apportionment pursuant to N.J.S.A. 54:7-3. The parcel in question has not been subdivided by the governing body of the municipality and apportionment of the taxes is not authorized. There having been no apportionment of taxes in accordance with the terms of the statute, apportionment by the court in the first instance is not authorized. Orange v. Wall Day Realty Co., 150 N.J. Super. 1, 4 (App. Div. 1977).
While the precise issue of the right of partial redemption has not been the subject of any reported cases in this State, the majority rule is that a cotenant or joint tenant must redeem all the real estate sold and not merely his undivided interest. 85 C.J.S. Taxation § 850 at 222. When he does so redeem, he then has a claim against the cotenant for reimbursement to the extent of his share. See also, 85 C.J.S. Taxation § 872 at 276.
We adopt such a rule and hold it was error for the trial judge to permit partial redemption of plaintiff's tax sale certificate by one cotenant. The order of July 7, 1977 is therefore reversed. The proceedings and orders entered in the trial court which followed were all founded upon the erroneous order of July 7 and must likewise be vacated.
*184 The matter is remanded for further proceedings consistent herewith, including recomputation of the amount required for redemption.
We do not retain jurisdiction.