KUSKIN, J.T.C.
Family Realty Co. filed a timely petition of appeal with the Hudson County Board of Taxation (county board) contesting the 1995 tax assessment on property in Secaucus. On the adjourned hearing date, no one appeared on behalf of the petitioner, and the county board dismissed the appeal for lack of prosecution pursuant to N.J.A.C. 18:12A-1.9(e), which provides that, “In the ease of failure to appear, the board may dismiss the petition for lack of prosecution.” Plaintiff appealed to the Tax Court. Based on the county board dismissal, Secaucus moves to dismiss plaintiff’s appeal pursuant to N.J.S.A. 54:51A-1c(2), which states, “If the tax court shall determine that the appeal to the county board of *187 taxation has been ... (2) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board ..., there shall be no review.” Plaintiff opposes the motion on the grounds that it did not receive notice of the county board adjourned hearing date because the county board failed to give such notice in accordance with written instructions from plaintiffs representative. These instructions were received by the county board after the petition of appeal was filed but before the hearing notice was mailed.
This opinion amplifies my oral opinion delivered on November 7, 1996.

I.

Plaintiff filed its appeal using the printed form of petition of appeal provided by the county board. The petition form requested, among other information, 1) a mailing address for the petitioner and 2) the name and address to be used for notices. In response to the first request, plaintiff designated 550 Secaucus Road, Secaucus, NJ 07094 as its mailing address. Plaintiffs response to the second request was as follows (the printed portion of the form being in bold-faced type):
“Name, Telephone No. and Address of Attorney — or person to be notified of hearing and judgment

Bernard Bohrer, 550 Secaucus Rd., Secaucus, NJ 07094 (201) 865-8000

Arthur Max, 400 Plaza Drive, Secaucus, NJ 07094 Phone (201) 867-6777.”

The petition was signed by Arthur Max.
The county board sent to Mr. Max, at 400 Plaza Drive, Secaucus, a notice scheduling the subject appeal for hearing on June 20, 1995. On June 27,1995, Mr. Max telephoned the county board to inquire as to the status of the appeal. He was then advised that a hearing had been scheduled for June 20, 1995, that no one appeared, and that the hearing date had been adjourned. During such telephone conversation, Mr. Max expressed his dismay that *188 he had not received notice of the hearing and stated his concern that a letter addressed to him personally, without the name of his company, might not be delivered by a substitute for the regular mail deliverer. The tenant directory sign at Mr. Max’s office building did not contain his name but did contain the name of his company, Weintraub, Casey, Zurkow & Max, Inc. Because of his concern, Mr. Max, on June 27,1995, wrote to the county board, to the attention of Josephine DeMeo, in relevant part as follows:
"Re: Family Realty Co.
550 Seeaucus Rd., Seeaucus, NJ
Number 2213 [the appeal number assigned by
the County Board to the Family Realty Co. appeal]
Dear Ms. DeMeo:
Confirming our telephone conversation of this afternoon, please forward any future notices of hearing date to me addressed as below.
Arthur L. Max, Esq.
c/o Weintraub, Casey, Zurkow & Max, Inc.
400 Plaza Drive
Seeaucus, NJ 07094.”
The county board received this letter by telefax on or about June 27,1995.
The county board set October 30,1995 as the adjourned hearing date for the appeal. The county board does not retain copies of its hearing notices, but does maintain a log showing when such notices are mailed. This log reflects that notice of the October 30 hearing was mailed on October 10,1995. Under the column in the log entitled “Counsel and owner,” the letters “att” appear, apparently referring to an attorney. Since Arthur Max had identified himself in his June 27, 1995 letter as “Esq.,” and no other attorney’s name appears on the petition of appeal, it is apparent that the hearing notice was sent to Mr. Max. Such mailing was in accordance with the customary procedure of the county board. The county tax administrator described such procedure as follows:
It is the custom and practice of this office that when two names are listed on a petition and one name appears to be the attorney for the petitioner, all notices and copies of the judgment are sent only to the attorney ... Hearing notices ... are sent to the attorney at the address appearing on the petition. They are mailed with sufficient first class postage affixed to the envelope. The notices are neither prepared in duplicate nor are there photocopies. No copies are maintained in this *189 office ... A log showing the date of mailing, who prepared and mailed the notice is maintained for each series of notices sent.
No one appeared at the October 30, 1995 hearing on behalf of Family Realty Co., and the county board granted a motion by Secaucus to dismiss for failure to prosecute. The county board judgment of dismissal, dated December 1, 1995, was mailed to “Arthur Max, 400 Plaza Drive, Secaucus, N.J. 07094” and received by him. Shortly after receiving this judgment, Mr. Max contacted the law firm of Skoloff & Wolfe. By letter dated December 14, 1995, he retained the firm to represent plaintiff. In such letter he described the factual history set forth above and described recent sales and a lease which he believed supported a reduction in the subject assessment. On December 26, 1995, Skoloff & Wolfe wrote to the county board asserting that Mr. Max did not receive notice of the hearing and requesting that the dismissal judgment be converted into a judgment of “affirmance without prejudice.” Enclosed with the letter was a certification from Mr. Max stating that he did not receive the notice of the October 30, 1995 hearing and further stating:
I did not intentionally abandon this matter, but fully intended to prosecute this matter. There have been some problems with mail directed to me where it is not directed to: “e/o Weintraub, Casey, Zurkow & Max, Inc.”, and I surmise that the notice may have accidentally not been forwarded to me individually.
The county board either refused or did not act on the request for a change in its judgment.
Based on the foregoing, I find: 1) the address contained in the December 1, 1995 county board judgment demonstrates that the notice of the October 30, 1995 hearing was addressed to Arthur Max personally and not “c/o Weintraub, Casey, Zurkow & Max, Inc.” as instructed in his June 27, 1995 letter; 2) Mr. Max did not receive such notice and no notice was sent to Bernard Bohrer, the other name listed on the petition of appeal; and 3) had Mr. Max received the hearing notice, he would have been prepared to proceed in a meaningful manner on October 30,1995.

II.

Two legal issues arise from defendant’s motion to dismiss. The first issue is whether the county board’s notice procedures satis *190 fied the requirements of applicable statutes and regulations. The second issue is whether the notice of the October 30,1995 hearing, even if in compliance with the applicable statutes and regulations, was nevertheless deficient and defective because of non-compliance with the specific instructions contained in Arthur Max’s June 27,1995 letter.
There is no statute setting forth the manner in which hearing notices are to be given. N.J.S.A. 54:3-14 requires each county-board of taxation to “adopt such standardized petitions of appeal, rules, regulations and procedures as are prescribed by the Director of the Division of Taxation.” Pursuant to this statute, the Director promulgated N.J.A.C. 18:12A-1.9(b) which provides: “The board shall give at least 10 days’ notice of the time and place of hearing of the appeal to the petitioner, assessor and attorney of the taxing district.” The method for giving such notice is not prescribed.
In Tolentino v. Oxford Tp., 4 N.J.Tax 173 (1982), the Tax Court confronted the issue of whether a county board of taxation judgment as to a 1979 property tax appeal had been properly mailed to the petitioner. Judge Lario found that the required method of service of a county board judgment was not specified by statute, regulation or court rule, and noted that, “The [county board] rules were revised May 1, 1981 [see N.J.A.C. 18:12A-1.12b(3)(iii) ] requiring county boards to transmit a written memorandum of their judgment to the taxpayer; however, no specific method of transmitting the judgment is prescribed.” Id. at 179 n. 1. He then held:
Absent a Legislative enactment or a court rule contrary thereto, a required notice may be effectively given if properly mailed. By the adoption of R. 8:4-2(b) service by mail was implicitly authorized. Since there is no requirement that service by mail be registered or certified, forwarding judgments to the parties by regular mail is permissible.
[Id. at 179 (citation omitted).]
The principles set forth by Judge Lario in Tolentino with respect to transmittal of county board judgments are equally applicable to the transmittal of hearing notices. I find that the county board log establishes that notice of the October 30, 1995 *191 hearing was mailed to Arthur Max by regular mail on October 10, 1995 and further find that such mailing satisfied the requirements of N.J.A.C. 18:12A-1.9(b). The county board had no obligation to send notice to more than one person or entity, and mailing of notice by the county board to either of the two names and addresses shown on the petition was sufficient. Where one designated notice recipient is an attorney, notices should be sent to that person. Estate of Frankel v. Borough of Hillsdale, 10 N. J.Tax 213 (1988). See N.J.A.C. 18:12A-l:15(a) (“In the absence of a rule governing any matter at issue [before a county board of taxation], the rules of the Tax Court insofar as they may be applicable, shall govern.”); R. 1:1-1 (court rules of general application are applicable to the Tax Court); and R. 1:5-1 (service on attorney of record is required).
Even though notice of the October 30, 1995 hearing was mailed in compliance with N.J.A.C. 18:12A-1.9(b), the notice was not mailed in compliance with the specific instructions contained in the June 27, 1995 letter from Arthur Max to the county board. The legal significance of this non-compliance can be derived from decisions considering the adequacy of notice in the tax foreclosure context. In Brick Tp. v. Block 48-7, Lots 34, 35, 36, 202 N.J.Super. 246, 247, 494 A.2d 829 (App.Div.1985), the municipality, which was conducting an in rem tax foreclosure, mailed the foreclosure complaint to the property owners at their address as it appeared on the municipal tax duplicate. Id. at 247-48, 494 A.2d 829. The owners had, however, previously moved their office, had not notified the tax assessor or collector of such move, and, accordingly, their new address was not reflected on the tax list. Ibid. The foreclosure complaint was returned with an indication that the post office was unable to forward, that the envelope was undeliverable as addressed, and that a forwarding order had expired. Ibid. The municipality made no effort to inquire as to the new address, and the Complaint was never served upon the property owners. Ibid. The Appellate Division held that:
Due process does not require tax collectors, municipalities and their staffs to examine the tax rolls to search for outdated or incorrect addresses supplied by property owners, or to communicate with property owners to ascertain whether *192 their addresses remain correct. A local professional or business person can not expect more. It is not controlling that the municipality or counsel may have unrelated communication with the taxpayer at an address different from that appearing on the tax rolls.
The New Jersey Supreme Court has clearly ruled that municipalities are not constitutionally required to search out taxpayers in foreclosure suits to see if they have furnished up-to-date addresses.
[Id. at 252, 494 A.2d 829.]
The Appellate Division then remanded to the trial court for a determination as to whether the foreclosing municipality had actual acknowledge of the change of address.
Relief from the judgment should be granted only if anyone actively involved for plaintiff in the preparation and prosecution of the foreclosure suit had actually recognized before the default judgment from any information, including the return of the mailed notice, that the address carried on the tax duplicate for [the property owners] was inaccurate or stale and that, therefore, notice mailed to that address would probably not be delivered, and that another, known or readily available address could be used to notify them of the foreclosure suit.
[Id. at 254, 494 A.2d 829.]
Upon a further appeal after the remand, the Appellate Division, based on factual findings by the trial court, held that the municipality’s knowledge of the invalidity of the old address was sufficient to obligate the municipality to find the new address. Brick Tp. v. Block 48-7, Lots 34, 35, 36, 210 N.J.Super. 481, 484-85, 510 A.2d 101 (App.Div.1986), certif. denied, 107 N.J. 67, 526 A.2d 151 (1986) , cert. denied, 481 U.S. 1049, 107 S.Ct. 2181, 95 L.Ed.2d 838 (1987) .
The Brick Tp. decisions were followed in Berkeley Tp. v. Berkeley Shore Water Co., 213 N.J.Super. 524, 517 A.2d 1199 (App.Div.1986), which involved facts strikingly similar to those herein. The defendant moved its offices in May 1978 and promptly sent a letter to the tax collector in Berkeley Township specifically advising the collector of the change of address and directing the collector, effective immediately, to mail all tax bills to the defendant’s new address. Id. at 527-28, 517 A.2d 1199. The collector followed this instruction as to two tax lots but not as to a third lot. Tax bills for the third lot were sent to the old address, taxes were not paid, and, in 1982, an in rem tax foreclosure proceeding was instituted as to this third lot. Id. at 528-29, 517 *193 A.2d 1199. The foreclosure complaint was sent to the old address. Ibid. The Appellate Division held that the municipality’s failure to change the address on its records resulted in a denial of due process.
Where the taxpayer makes reasonable efforts to notify the taxing authority of the correct address, and the taxing authority fails or neglects to change its records, the taxpayer has exercised reasonable compliance with its obligation to notify the taxing authority of the correct address. Notwithstanding that a municipality need not verify the addresses on its tax records, where it is established that the taxpayer has made reasonable efforts or taken reasonable steps to notify the municipality, then the burden shifts to the taxing authorities to change their records to reflect the new address even where a notice mailed to the taxpayer at the address shown on the tax records has been returned as undeliverable. The taxing authority must then show that it took reasonable steps to effectuate notice.
[Id. at 533-34, 517 A.2d 1199.]
The principles articulated by the Appellate Division in Brick Tp. and Berkeley Tp. are directly applicable to the facts before me. Here the taxpayer made reasonable efforts and took reasonable steps to notify the county board of the specific address to which notices should be sent. The county board received Arthur Max’s June 27, 1995 letter more than three months before the date of mailing of notice of the October 30, 1995 hearing but failed to abide by the explicit instructions contained in the letter. As a result of such failure, the taxpayer did not receive the notice. “The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review.” Schneider v. East Orange, 196 N.J.Super. 587, 595, 483 A.2d 839 (App.Div.1984), aff'd per curiam, 103 N.J. 115, 510 A.2d 1118 (1986), cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986). See also Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180, 188 (1983) (describing the constitutional requirement for notice of a proceeding that will adversely affect the property interests of a party).
Notice mailed by a county board of taxation to an address different in a significant respect from that specified in a written notification from a petitioner does not (unless received) constitute adequate notice and does not satisfy the requirements of due process. Furthermore, a notice so mailed does not create a presumption that the notice was received. See SSI Medical *194 Services, Inc. v. Department of Human Services, 146 N.J. 614, 621, 685 A.2d 1 (1996) (stating that one of the conditions necessary to invoke the “presumption that mail properly addressed, stamped and posted was received by the party to whom it was addressed” is that “the mailing was correctly addressed”). Here the omission from the hearing notice of the name of Arthur Max’s company was a significant departure from the instructions received by the county board, and I am satisfied that the improperly addressed notice was, in fact, not received. Under these circumstances, the taxpayer should not be denied the opportunity for a hearing on its appeal.
Defendant’s motion to dismiss is denied.