NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

# TAX COURT OF NEW JERSEY



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

March 9, 2021

VIA eCourts
Gregory B. Pasquale, Esq.
Shain Schaffer PC

VIA eCourts
Simone D. Calli, Esq.
Calli Law, LLC

> Re:  The Jewish Home and Healthcare Ctr. v. Franklin Township
>       Docket No. 013248-2019

Dear Counsel:

This letter constitutes the court's opinion with respect to Franklin Township's motion to dismiss Jewish Home and Healthcare Center's complaint with prejudice for lack of subject-matter jurisdiction pursuant to N.J.S.A. 54:51A-9. For the reasons explained more fully below, Franklin Township's motion is denied.

## I.  Procedural History and Statement of Facts

Jewish Home and Healthcare Center ("plaintiff") is the owner of realty located in Franklin Township ("defendant"), known as Lot 54.05 in Block 386.07 on the official tax map of Franklin Township, consisting of 24+ acres of vacant land (the "subject property"). Plaintiff appealed the denial of its tax exemption application for the subject property for tax year 2019 to the Somerset County Board of Taxation which issued a memorandum of judgment, affirming the denial, indicating Judgment Code # "1E-Correction – Should Not Be Exempt." The memorandum of judgment, issued June 11, 2019, was mailed on July 15, 2019.






On August 23, 2019, plaintiff, through its counsel, mailed a Complaint, CIS and supporting documents (collectively referred to as the "Complaint") to the Tax Court at the Tax Court Management Office ("TCMO"). Simultaneously therewith, counsel mailed copies of the complaint and supporting documents to the Office of the Attorney General, Clerk of Franklin Township, and Director, Division of Taxation. The complaint was received by the TCMO on August 27, 2019.

TCMO issued a deficiency notice, dated August 29, 2019, which indicated that the pleading filed was filed on "Incorrect forms." Counsel was further advised that an appeal had to be filed "through eCourts using the correct case type of 'Appeal from County Tax Board.'" Counsel was informed to submit corrected or amended documents within ten days of the date of the notice. Although the deficiency notice is dated August 29, 2019, counsel provides documentation demonstrating the notice was mailed with mailing stamp date of September 4, 2019, some six days later. Counsel certifies that the notice was not received in his office until September 13, 2019.

Counsel certifies that upon receipt of the deficiency notice he contacted TCMO which instructed him to file the correct pleadings via eCourts. Counsel complied, filing the correct pleadings via Tax eCourt on September 13, 2019. On the same day defendant filed the within motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to N.J.S.A. 54:51A-9. Plaintiff filed opposition to the motion.

II.     Conclusion of Law

The Tax Court is a court of limited jurisdiction, defined by statute. McMahon v. City of Newark, 195 N.J. 526, 546 (2008) (citing N.J.S.A. 2B:13-2 and Union City Assocs. v. City of Union City, 115 N.J. 12, 23 (1989)). "Failure to file a timely appeal is a fatal jurisdictional defect." F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 425 (1985) (citing Clairol, Inc. v.

2

Kingsley, 109 N.J. Super. 22 (App. Div.), aff'd, 57 N.J. 199 (1970), appeal dismissed, 402 U.S. 902 (1971)). This is true even in the absence of harm to the defendant municipality. Lawrenceville Garden Apartments v. Township of Lawrence, 14 N.J. Tax 285 (App. Div. 1994).

N.J.S.A. 54:51A-9(a) requires the filing of an appeal from a judgment by the County Board of Taxation within "45 days of service of the judgment." The statutory time periods incorporated in New Jersey Court Rules are jurisdictional. McMahon, 195 N.J. at 530. "[T]hey are not within the relaxation power of the Tax Court." Pressler & Verneiro, Current N.J. Court Rules, Comment 1 on R. 8:4-1 (2021). The Supreme Court has noted that "[s]trict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxations and the administration of government." F.M.C. Stores, 100 N.J. at 425. Such limitations "in tax statutes are strictly construed in order to provide finality and predictability of revenue to state and local government." Bonanno v. Dir., Div. of Taxation, 12 N.J. Tax 552, 556 (Tax 1992) (citing Pantasote, Inc. v. Dir., Div. of Taxation, 8 N.J. 160, 164-166 (Tax 1988)).

Here, the defendant is seeking to dismiss plaintiff's complaint asserting that plaintiff's complaint was not filed within the 45-day time period of the mailing of the memorandum of judgment. Based on the July 15, 2019 mailing date for the Board's judgment, plaintiff had until September 1, 2019 to file its complaint. Pursuant to N.J.A.C. 18:12A-1.15(a), Practice and Procedure, "[i]n the absence of a rule covering any matter at issue, the rules of the Tax Court insofar as they may be applicable, shall govern." Thus, service of a judgment of the county board "is deemed complete as of the date the judgment is mailed plus an additional three days for mailing time. See R. 1:3-3 and R.8:4-2." Alpine Boro. v. Gilbert 10 N.J. Tax 537, 539 (Tax 1989.); See also Family Realty Co. v Secaucus Town, 16 N.J. Tax 185 (Tax 1989) (extending principles relating to transmittal of County Board judgments to transmittal of hearing notices.). Therefore,

3

service of the memorandum of judgment was deemed complete on July 18, 2019, and the date to appeal expired on September 1, 2019.

Plaintiff provides the USPS tracking of its mailed deficient complaint to demonstrate that the paper complaint was filed well within the appeal period. The deficiency notice dated August 29, 2019 provided plaintiff with ten days from the date of the notice to file the correct pleadings, however, the date on the metered mail stamp indicates a date of mailing of September 4, 2019. Moreover, the Order of the Supreme Court dated November 19, 2015 providing for mandatory electronic filing of all local property tax pleadings, specifically provides that,

> As of December 8, 2015, all attorneys will be required to file all local property tax pleadings and other documents, including adjournment requests, electronically via eCourts.
>
> Attorneys who file paper documents that should have been eFiled will have their paper documents returned and stamped "Received But Not Filed – Must be eFiled via eCourts." Notice will include that the attorney must register for eCourts and eFile documents within 15 days to retain the original filed date.

Here the deficiency notice incorrectly referenced a ten day period for correction. Moreover, the uncontroverted evidence demonstrates that the deficiency notice, while dated August 29, 2019, was not mailed until September 4, 2019. Nevertheless, plaintiff corrected the error on September 13, 2019 - the 15th day following the date of the notice and within 10 days of the mailing date on the metered mail. In either case, the correction comported with the November 19, 2015 Order of the Supreme Court, and the pleadings filed herein retain the original filed date of August 29, 2019, and are therefore timely.

III.     Conclusion

For the reasons set forth above, defendant's motion to dismiss plaintiff's complaint is denied.

Very truly yours,

Kathi F. Fiamingo, J.T.C.