**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3871-19

MTAG CUST ALTERNA
FUNDING II, LLC,

     Plaintiff,

v.

94 JABEZ REALTY, LLC, and
STATE OF NEW JERSEY,

     Defendants.

_____

94 JABEZ REALTY, LLC,

     Third-Party Plaintiff/
     Appellant,

v.

CITY OF NEWARK,

     Third-Party Defendant/
     Respondent.

_____

Argued September 27, 2021 – Decided October 21, 2021

Before Judges Vernoia and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-006655-18.

Lazaro Berenguer argued the cause for appellant (Clark Law Firm, PC, attorneys; Lazaro Berenguer, of counsel and on the briefs).

Azeem M. Chaudry, Assistant Corporation Counsel, argued the cause for respondent (Kenyatta K. Stewart, Cooperation Counsel, attorney; Gary S. Lipshutz and Azeem M. Chaudry, Assistant Corporation Counsel, on the brief).

PER CURIAM

Defendant-third-party plaintiff 94 Jabez Realty, LLC, (Jabez) appeals from an order dismissing its single-count, third-party complaint against the City of Newark (Newark) for failure to state a claim upon which relief may be granted. We find no merit to Jabez's arguments on appeal, and we affirm the court's dismissal of the third-party complaint pursuant to Rule 4:6-2(e).

We conduct a de novo review of a trial court's dismissal of a complaint pursuant to Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). "A reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). "If

2

the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Dimitrakopoulos, 237 N.J. at 107. We owe no deference to the motion court's legal conclusions. Id. at 108.

This action was initiated by plaintiff MTAG Cust Alterna Funding II, LLC, (MTAG) with its filing of a complaint for foreclosure of a tax sale certificate. MTAG alleged it was the holder of a tax sale certificate on real property in Newark owned by Jabez. In its complaint, MTAG sought a determination of the amount due on its tax sale certificate, a judgment for the amount due on the certificate with interests and costs, and, in default of that judgment, an order foreclosing Jabez's interest in the property.

Jabez filed an answer to the complaint, generally denying the allegations and asserting affirmative defenses. Jabez also filed the third-party complaint against Newark that is at issue on this appeal.

The third-party complaint alleges that in December 2015, Jabez purchased property in Newark from MTAG. Jabez further alleges that its address for mailing "is, and always has been," 811 16th Avenue, Belmar, New Jersey. Following Jabez's purchase of the property, Newark sent Jabez's real estate tax bills and tax notices to an incorrect address in Belmar. As a result, Jabez did not receive any tax bills or notices following its purchase of the property until

April 17, 2018, when it received an "Outside Lien Redemption Statement" from Newark stating $32,059.69 in "taxes, fees, and costs[s] . . . had accrued with regard" to Jabez's Newark property.

According to the third-party complaint, on April 18, 2018, Jabez "issued a check in the amount of $32,059.69 in full and final settlement of the Outside Lien Redemption Statement." Of that amount, $4,022.21 was for interest on the principal amount of taxes Jabez had failed to pay "in timely fashion." The amount paid also included $1,187.56 for attorney's fees incurred by MTAG in providing Jabez with the Outside Lien Redemption Statement.

Jabez alleged that the amounts it was required to pay for accrued interest and MTAG's attorney's fees "were the direct result of" Newark's errors in sending Jabez's tax bills and notices to an incorrect address. Jabez asserted that "had [it] received" the tax bills and notices, the taxes on the property "would have been paid in timely fashion and there would have been no cause to issue an Outside Lien Redemption Statement." Jabez sought $5,209.57 in compensatory damages for the interest ($4,022.21) and attorney's fees ($1,187.56) it claimed it was required to pay as a result of Newark's failure to provide timely notice of Jabez's real estate tax obligations following its purchase

4

of the property.  Jabez also sought punitive damages, attorney's fees, and costs of litigation.

Newark filed a <u>Rule</u> 4:6-2(e) motion to dismiss the complaint for failure to state a claim upon which relief can be granted.  Newark did not dispute that it sent Jabez's real estate tax bills to the wrong address, but it argued its error did not excuse Jabez's failure to timely pay its taxes.  More particularly, Newark argued Jabez could not claim it lacked notice of its tax liability as a matter of law because N.J.S.A. 54:4-64(a)(3) imposes on every taxpayer the obligation to ascertain his, her, or its real estate tax liability regardless of whether the taxpayer receives a tax bill or not.  The statute provides as follows:

> The validity of any tax or assessment, or the time at which it shall be payable, shall not be affected by the failure of a taxpayer to receive a tax bill, but every taxpayer is put on notice to ascertain from the proper official of the taxing district the amount which may be due for taxes or assessments against him or his property.
>
> [N.J.S.A. 54:4-64(a)(3).]

The court heard argument on Newark's motion and determined Jabez's claim did not state a claim upon which relief could be granted because the fundamental premise of its claim – that Jabez's failure to timely pay its taxes was the result of Newark's failure to send the tax bills to the correct address –

was incorrect as a matter of law. More particularly, the court determined Jabez had an obligation under N.J.S.A. 54:4-64(a)(3) to ascertain its tax liability, and that obligation was not affected by the failure of Jabez to receive the tax bills. The court found that if Jabez had fulfilled its obligation under the statute, it would not have owed the interest and attorney's fees it sought in its claim against Newark. The court entered an order dismissing the complaint, and this appeal followed.

Jabez presents a single argument on appeal. It contends its complaint asserts a viable cause of action for a violation of its due process rights based on Newark's failure to provide proper notice of its tax liability. Jabez argues the motion court erred by concluding Newark's failure to send the tax bills to the correct address did not support a legally cognizable due process claim.[1] We are not persuaded.

---

[1] The third-party complaint does not clearly identify the cause of action. Jabez argued before the motion court, and argues again in its brief on appeal, that the complaint asserts a cause of action for a denial of its due process rights. Based on Jabez's assertions, and because we must "search[] the complaint in depth and with liberality to ascertain whether a fundament of a cause of action may be gleaned even from an obscure statement of claim," Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citation omitted), we consider the complaint as one asserting a cause of action for a violation of Jabez's due process rights.

Jabez's due process claim is founded solely on a claimed lack of notice of its tax liability based on Newark's failure to send the tax bills to Jabez's correct address. A due process analysis is required upon a finding that a statute affects a significant property interest. See e.g., Sherwood Ct. v. Borough of S. River, 294 N.J. Super. 472, 481-82 (App. Div. 1996) (applying due process analysis to a statutory lien under N.J.S.A. 40:62-14 securing payment of unpaid utility charges). Here, a due process analysis is required because imposition of the tax lien resulted in Jabez's obligation to pay interest on the delinquent taxes as well as the costs for the attorney's fees.

Analysis of the due process claim requires consideration of the three factors in Mathews v. Eldridge, 424 U.S. 319, 335 (1976): (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." See also Connecticut v. Doehr, 501 U.S. 1, 9-18 (applying the Mathews factors to a claim a statute authorizing prejudgment attachment of real estate without prior notice or hearing, and without a requirement that the

A-3871-19

individual or entity seeking the attachment post a bond, violates the property owner's due process rights).

In Sherwood Ct., the plaintiff owners of an apartment complex claimed they were denied due process by the imposition of a lien under N.J.S.A. 40:62-14 for unpaid municipal electric bills. 294 N.J. Super. at 475-76. The statute provided for municipal liens against property and premises for unpaid utilities charges, for the assessment of interest on the liens, and for the collection of the sums due under the liens "in the same manner as arrearages of taxes." N.J.S.A. 40:62-14. The plaintiffs claimed they were denied due process because the utility bills had been sent to their tenants, and therefore they had not been provided notice of the amounts due prior to the imposition of the statutory lien on their property. 294 N.J. Super. at 480-84.

We applied the Mathews standards to determine whether "N.J.S.A. 40:62-14[,] which authorizes municipal liens against property and premises where such light, heat or power is furnished," violated the due process rights of the plaintiff property owners against whose property the statutory lien was imposed. Id. at 480-84. Under the first Mathews factor, we found the property owners had a "significant property interest at stake." Id. at 483. That is because statutory liens burden a title to property. See Doehr, 501 U.S. at 12 (explaining "even the

temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are sufficient to merit due process protection").

We further determined under the second prong of the Mathews standard that there was "minimal opportunity for error" because there was no uncertainty concerning the amount of the lien; the lien was based on a "sum certain" in the amount of the unpaid utilities charged. Sherwood Ct., 294 N.J. Super. at 483. We found under the Mathews standard's third prong that "the government and municipal utility authority also have significant interests" in collecting the sums due for "unpaid utilities charges" because, by doing so, the taxpayers are "prevent[ed] . . . from bearing the burden." Ibid.

Based on those findings, we concluded the plaintiff property owners were not deprived of due process by the imposition of the statutory lien under N.J.S.A. 40:62-14. Id. at 484. We found "the notice requirement in tax statutes satisfies any due process concerns that a taking of the property could occur without notice," ibid., even though the property owners did not receive the utility bills in the first instance. We also found it was "obvious [to the property owners] that tenants need electricity, and the government must be paid for providing it," and that the property owners were "in the best position to address the concern of unpaid electric charges" by their tenants. Ibid. We held that "the notice

9 <span>A-3871-19</span>

requirements for the lien which parallel the tax statute's requirements are sufficient to withstand a due process challenge." Ibid.

Our reasoning in Sherwood Ct. applies with syllogistic precision here. Like the property owners in Sherwood Ct., under the first prong of the Mathews standard, Jabez has a significant property interest at stake in the imposition of the tax lien for the unpaid taxes on its Newark property. See id. at 483.

Under the second prong of the Mathews standard, there is "minimal opportunity for error here." Sherwood Ct., 294 N.J. Super. at 483. The amount of taxes due from Jabez is a sum certain, the interest charged is set by statute, and the amount of attorney's fees charged is not disputed by Jabez. In sum, Jabez neither points to, nor claims, there was any opportunity for error in the calculation of the taxes due, or the interest and fees for which it paid to redeem the tax lien, and for which it seeks damages.

Under the Mathews standard's third prong, Newark has a significant interest in the collection of municipal real estate taxes from each of its property owners. See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, 496 U.S. 18, 37 (1990) (explaining "government's exceedingly strong interest in [the] financial stability" obtained through the timely collection of taxes); Varsolona v. Breen Cap. Servs. Corp., 180 N.J. 605, 621 (2004) (explaining the

10

importance of the reduction of administrative costs and importance of regular cash flow to the municipality); Schneider v. City of E. Orange, 196 N.J. Super. 587, 595 (App. Div. 1984) (noting municipalities have a "significant interest" in "receiving timely payment of taxes").

We find here, as we did in Sherwood Ct., the taxpayer had adequate notice of its tax liability such that the imposition of the tax lien, and the resulting obligation to pay interest and fees, did not violate any due process requirements. The plain language of N.J.S.A. 54:4-64(a)(3) imposes a statutory duty on every taxpayer to determine their own real estate tax obligations. The statute further instructs the taxpayer that municipal real estate tax liability "shall not be affected by" a failure "to receive a tax bill." N.J.S.A. 54:4-64(a)(3). We have held that under N.J.S.A. 54:4-64(a)(3), "property owners are charged with an affirmative duty . . . to seek out their tax assessments" and "[t]heir failure to do so . . . must be considered a result of their own inaction." Appeal of Twp. of Monroe from Determination of Loc. Fin. Bd., 289 N.J. Super. 138, 147 (App. Div. 1995).

Jabez was not denied due process by Newark's failure to mail the tax bills to Jabez's correct address. N.J.S.A. 54:4-64(a)(3) provided statutory notice to Jabez that it had an obligation imposed by law to determine its tax obligation whether it received a tax bill or not.

Although the motion court relied on N.J.S.A. 54:4-64(a)(3) as the basis for its determination Jabez's claim did not allege a cause of action upon which relief may be granted under Rule 4:6-2(e), Jabez does not cite to, or address, the statute in its brief on appeal. Thus, Jabez does not directly challenge the motion court's determination that the due process claim asserted in the complaint is insufficient as a matter of law because Jabez had a statutory duty, separate from any additional notice that might have supplied by its receipt of a tax bill, to ascertain its municipal tax liability.

Jabez instead relies on cases wholly inapposite to any reasoned analysis of the legal sufficiency of its asserted claim. For example, in support of his due process argument, Jabez cites Berkeley Twp. v. Berkeley Shore Water Co., 213 N.J. Super. 524, 532 (App. Div. 1986), for the proposition that a municipal tax office has the burden of sending notices to the proper address of record of the property owner. Our decision in Berkeley has no application here. In Berkeley we did not consider whether a taxpayer who failed to receive a tax bill had an obligation under N.J.S.A. 54:4-64(a)(3) to independently ascertain a municipal tax liability. We considered only whether a notice of foreclosure was properly served in accordance with requirements of Rule 4:64-7(c) "[o]n each person whose name appears as an owner in the tax foreclosure list at his [or her] last

known address as it appears on the last municipal tax duplicate." Id. at 531. Jabez does not argue that it failed to receive proper notice of the foreclosure under Rule 4:64-7(c). Thus, its reliance on Berkeley is unavailing.

Jabez also relies on Twp. of Brick v. Block 48-7, 202 N.J. Super. 246 (App. Div. 1985), but that case also did not involve a claim similar to Jabez's asserted cause of action here.[2] In pertinent part, the issue in Brick was whether a foreclosure complaint was properly served in accordance with N.J.S.A. 54:5-104.42 and Rule 4:64-7 by mailing the complaint to the property owners "at their 'last known address as it appears on the last municipal tax duplicate.'" Id. at 247-48. Again, in Brick, we did not consider the issue presented here – whether a property owner could properly claim a lack of notice of its tax liability based on a failure to receive tax bills where N.J.S.A. 54:4-64(a)(3) imposes an obligation on the property owner to determine its tax liability in the absence of a tax bill. Thus, we are not persuaded Brick supports Jabez's due process claim.

In sum, we agree with the motion court that Jabez failed to state a due process claim upon which relief may be granted. See R. 4:6-2(e). The claim is

---

[2] Jabez relies on Center for Molecular Medicine v. Belleville Township, 18 N.J. Tax 215, 223 (Tax 1998), for the same proposition of law for which it cites Brick. We therefore need not address Molecular Medicine, other than to note it was reversed on other grounds in Center for Molecular Medicine v. Belleville Township., 19 N.J. Tax 193 (App. Div. 2000).

founded on the singular and incorrect premise that a municipal tax lien, with its attendant interest and assessment of costs, could not be properly imposed because Jabez did not receive tax bills from Newark. As we have explained, Jabez had a statutory obligation under N.J.S.A. 54:4-64(a)(3) to ascertain its own tax liability, such that its due process claim fails as a matter of law.

Any arguments made by Jabez we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION