21 N.J. Super. 462 (1952)
91 A.2d 441
LUCILLE P. BORGIA, PLAINTIFF-APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1952.
Decided September 26, 1952.
*465 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Louis A. Finklestein argued the cause for the plaintiff-appellant.
Mr. Clarence F. McGovern argued the cause for the defendants-respondents.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The only issue here is whether the appeal of the plaintiff, Lucille P. Borgia, from the determination of the hearing officer for the Unemployment Compensation Commission, Division of Employment Security, Department of Labor and Industry (hereinafter referred to as the "agency"), was timely taken.
The agency contends that on September 25, 1951, it mailed to the plaintiff at her last known address, a notice of its determination of ineligibility for employment benefits and demand for repayment of $374 of benefits to which she was not entitled. The appellant contends that she never received a notice of such determination and had no knowledge thereof *466 until November 1, 1951, when she received a demand for repayment of the benefits. Thereupon, the claimant filed an appeal from the aforementioned determination to the appeal tribunal. The appeal tribunal dismissed the appeal on the ground that it was not taken within the seven-day period prescribed by the statute. A further appeal to the Board of Review met with a similar fate.
In its decision, the Board of Review, while rejecting the claimant's appeal, in its findings of fact, stated: "While claiming benefits, she was able to work, was available for suitable work without undue restrictions and demonstrated that she was actively seeking work through the entire period." The plaintiff's subsequent application to the Board of Review to reopen the matter was denied. Whereupon, the plaintiff instituted this appeal.
The pertinent statute, R.S. 43:21-6 (b-3), as amended, L. 1951, c. 338, p. 1214, provides:
"Any claimant or any interested entity or person may file an appeal from any determination under paragraphs (1) and (2) of this subsection within five calendar days after the delivery of notification, or within seven calendar days after the mailing of notification, of such determination. Unless such an appeal is filed such determination shall be final and benefits shall be paid or denied in accordance therewith. * * *."
The Board of Review is an administrative tribunal whose function under the statute is not administrative or ministerial, but clearly quasi-judicial. Carbone v. Atlantic Yachting Co., 14 N.J. Super. 269, 273 (App. Div. 1951); Mulhearn v. Federal Shipbuilding and Dry Dock Co., 2 N.J. 356, 365 (1949). Such an administrative tribunal cannot be deemed a court. Mulhearn v. Federal Shipbuilding and Dry Dock Co., supra. While such an administrative tribunal is not bound by technical rules of evidence, it must determine the substantial rights of the parties from competent evidence and while hearsay testimony may be received without necessarily resulting in reversal, it cannot form the basis of a determination. Andricsak v. National Fireproofing Corp., *467 3 N.J. 466, 471 (1950). "The requirement of a `hearing' (before an administrative tribunal) has reference to the tradition of judicial proceedings in which evidence is received and weighed by the trier of the facts and the issue determined uninfluenced by extraneous considerations which might not be exceptionable in other fields involving purely executive action. The `hearing' is `the hearing of evidence and argument.'" (Parenthesis ours). Handlon v. Town of Belleville, 4 N.J. 99, 105 (1950). Such an appeal as here is barred if proof of mailing of the notice of the determination is established by the evidence and no appeal is taken therefrom within the statutory limit of seven days. Obviously, statutes fixing brief times for taking appeals from administrative boards' orders and decisions "are evidently designed to secure in the public interest a speedy determination of the issues involved; and to make it possible to proceed in the matter as soon as the time to take an appeal has passed if one has not been filed." Daley v. Board of Police Com'rs of East Hartford, 133 Conn. 716, 54 A.2d 501, 502 (Sup. Ct. Err. 1947). "Service of process by mail, when authorized, is deemed complete when the writ is deposited in the post office, properly addressed and with the proper amount of postage." 42 Am. Jur., Process, sec. 60, p. 48. Cf. McCoy v. Bureau of Unemployment Compensation, 81 Ohio App. 158, 77 N.E.2d 76 (Ohio Ct. App. 1947); Hurley v. Olcott, 198 N.Y. 132, 91 N.E. 270 (Ct. App. 1910); Matter of Denemark, 184 Misc. 402, 54 N.Y.S.2d 612 (App. Div. 1945); Turner v. Unemployment Compensation Board of Rev., 163 Pa. Super. 168, 60 A.2d 583 (1948); Von Kaenel v. Unemployment Compensation Bd. of Rev., 163 Pa. Super. 173, 60 A.2d 586 (1948). To establish the fact of the mailing of a notice, as here, may be accomplished by evidence of a custom with respect to the mailing of letters, coupled with the testimony of the person whose duty it is to perform or carry out the custom. 20 Am. Jur., Evidence, sec. 1194, p. 1046; Consolidated Motors v. Skousen, 56 Ariz. 481, 109 P.2d 41, 132 A.L.R. 1040, writ of certiorari *468 denied in 314 U.S. 631, 62 S.Ct. 64, 86 L.Ed. 507, "We do not think that the mere dictation or writing of a letter, coupled with evidence of an office custom with reference to the mailing of letters, is sufficient to constitute proof of mailing of same, in the absence of some proof or corroborating circumstance sufficient to establish the fact that the custom in the particular instance had in fact been followed." Cook v. Phillips, 109 N.J.L. 371, 373 (E. & A. 1932).
An examination of the record reveals that no affirmative proof of mailing of the notice in question to the plaintiff was introduced. At the hearing, the only reference to the establishing of the fact of the mailing of the notice, was that made by the chairman of the Board of Review, who, during the testimony of the plaintiff, stated: "There is an official record that this notice was mailed. Do you have evidence that it was not mailed on that day?" The chairman did not state to what "official record" he was referring. The board contends that his reference was to the notice of determination. It was not introduced into evidence but appears in the appendix and is entitled "Determination and Demand for Refund of Unemployment Benefits," addressed to the plaintiff, at the bottom of which there is this notatation: "Date of mailing Sept. 25, 1951." No testimony was introduced to prove who placed that notation thereon or under what circumstances it was so marked. At the hearing, the defendant contended that such an endorsement was not requisite proof of mailing and that no proof had been introduced establishing the fact of mailing the notice. The mere notation of the date of mailing on the notice of determination, without more, is not the competent proof necessary to establish the fact of the mailing of the notice on September 25, 1951. Consolidated Motors v. Skousen, supra and Cook v. Phillips, supra. Where, as here, substantial rights of the complainant are involved, and considering the limited period of time in which the complainant must file her appeal, we think it is essential that to support the decision of the Board of Review, there should be competent evidence *469 establishing the mailing of the notice to the plaintiff at her last known address on September 25.
Under the circumstances, the matter will be remanded to the Board of Review for the purpose of taking additional testimony as to the mailing of the notice and the making of new findings, if any, that the Board of Review may deem necessary.