LARIO, J. T. C.
The Warren County Board of Taxation entered judgment reducing an original 1979 assessment on plaintiffs’ premises, listed on the tax map of Oxford Township as Block 26, Lot 70,
*175 from: Land $ 44,500
Improvements $ 157,900
$ 202,400 Total
to:
Land $ 44,500
Improvements $ 118,425
Total $ 162,925
Plaintiffs have filed this appeal seeking a further reduction. Defendant previously filed a pretrial motion for summary judgment, claiming that plaintiffs’ appeal had been filed beyond the time required by N.J.S.A. 54:2-39&emdash;therefore, this court is without jurisdiction to hear this appeal. By reason of disputed material facts the motion was “denied without prejudice with the right to renew same at the plenary hearing after the material issues of fact had been presented to the court for determination.” At the plenary trial the motion was again renewed, at which time evidence was presented concerning the material issues of fact relative thereto. Defendant bases its motion to dismiss the complaint upon N.J.S.A. 54:2-39, which provides as follows:
Any party who is dissatisfied with the judgment of the county board of taxation upon his appeal may seek review of that judgment in the Tax Court by filing a complaint with the Tax Court, pursuant to rules of court, within 45 days of the service of the judgment of the county hoard, and the Tax Court shall hear and determine all such matters and render its judgment thereon. [Emphasis supplied]
Defendant further claims that its motion should be granted because a copy of the instant complaint was never served upon the clerk of the taxing district, as required by N.J.S.A. 54:2-40 and R. 8:5- -3(a)(1).
The judgment of the Warren County Board of Taxation, which is the subject of this appeal, was dated October 16, 1979. The instant appeal was filed in the office of the Clerk of the Tax Court on December 13, 1979. Defendant claims this appeal was filed 58 days after issuance of the judgment; therefore, it is out of time. Plaintiffs contend that service of the judgment was not made until on or about November 1, 1979; therefore, this appeal was filed within 42 days.
*176 Plaintiffs contend that their copy of the judgment was not mailed by the county board to their primary residence in Jersey City but instead it was sent by regular mail to Rt. 31, Oxford, New Jersey, which is their postoffice address for the property that is the subject matter of this appeal. They allege that the latter is their temporary and summer residence, and during this time of the year they go there every several weeks; further, that they did not actually pick up this mail until on or about November 1, 1979; therefore, service was not perfected until then. Accordingly, they claim this appeal was filed within 42 days of service.
The Warren County Tax Administrator testified that he established the procedure in the office of the Warren County Tax Board and he also supervised the office personnel and the carrying out of this procedure.
As a result of the statutory amendment to N.J.S.A. 54:2-39, effective July 1, 1979, changing the time for appeal from county board judgments to this court from “December 15” to “within 45 days of the service of the judgment,” the administrator testified that he instituted a procedure that no judgments would be sent to the parties except on the date that was stamped on the judgment, and that the mail leaves their courthouse at 4 p. m. No covering letters are mailed with the judgments. He further stated, to his knowledge, that his office has never deviated from this practice. From his county board appeal file in this matter, he was able to determine when the board’s judgment had been mailed to plaintiffs. The original judgment in the file was dated October 16, 1979; therefore, as a result of office procedure, he determined it was mailed on that day.
He said that the original petition filed by plaintiffs with the county board contains a space on the form for appellant’s postoffice address, but this space was left blank and nowhere on the appeal form was plaintiffs’ postoffice address inserted. The administrator testified that it is the practice in his office to sort out petitions of appeal as soon as they are received and check the fees due and paid. When no postoffice address is entered on *177 the petition, they secure the address from their municipal tax list, and one of two employees in the office under his supervision inserts on the petition the address as it appears on the tax list. In the present case a member of his staff wrote “41 Gifford Avenue, Jersey City, New Jersey 07304” on the petition where the space for appellants’ address had been left blank. In addition, he had in his file an accompanying letter received from plaintiffs with their appeal which was written on Ernesto Tolentino’s business stationery. Printed thereon was plaintiffs’ address of “41 Gifford Avenue, Jersey City, New Jersey.” Nowhere in the board’s appeal file nor in the municipal tax lists was there any information listing a postoffice address for plaintiffs as “Route 31, Oxford, New Jersey.”
Upon cross-examination the administrator acknowledged that he had no personal recollection or knowledge that the copy of this particular judgment was definitely mailed to plaintiffs on October 16, 1979, and he admitted that this judgment had not been mailed out by either certified or registered mail and no return receipt had been requested. However, based upon the procedures he had instituted, and the practices resulting therefrom, he believed that the judgment had been mailed out as indicated.
Both the original complaint filed with this court and the copy served upon the county board are dated November 29, 1979. Both contain certifications that copies thereof were served on the clerk of Oxford Township and upon the secretary of the Warren County Board of Taxation on November 29, 1979.
The administrator further testified that it was the practice of his office to date-stamp all mail immediately upon its receipt. The copy of the instant appeal filed with the county board (which was placed in evidence) was stamped “Received — December 10, 1979. Warren County Tax Board.”
The township clerk testified that she had not received a copy of the complaint on November 29, 1979 and in fact had never been served at any time with a copy of the complaint.
*178 In opposition to the motion, plaintiff Dr. Tolentino testified that his residence and office are located at 41 Gifford Avenue, Jersey City, New Jersey; that the copy of the judgment sent by the Warren County Board of Taxation was mailed to his Oxford, New Jersey, property, and that he had no knowledge of ever receiving a copy of the 1979 judgment at his Jersey City address. He admitted that the certification entered by him on the appeal, stating that the county board was served on November 29, 1979, was incorrect.
Prior to July 1, 1979 appeals under N.J.S.A. 54:2-39, supra, were required to be filed on or before December 15 following the county board judgment. Effective July 1, 1979 this time period was amended to require filing an appeal complaint “within 45 days of service of the judgment of the county board.”
In Evesham Tp. v. Nye, 3 N.J. Tax 183 (Tax Ct. 1981), this court held that the language of this amendment clearly sets forth that the party appealing may seek a review within 45 days of the service of the judgment upon the party appealing. However, how and when service has been deemed completed within the meaning of this section has never been ruled upon by our courts.
N.J.S.A. 54:3-26 directs that each county board of taxation shall keep a record of its judgments in permanent form and “shall transmit a written memorandum of its judgments ... to the taxpayer.” The Legislature did not set forth any specific direction as to the method of transmitting the memorandum to the taxpayer.
By N.J.S.A. 54:3-14 the Legislature requires county boards of taxation to adopt rules, regulations and procedures prescribed by the Director of the Division of Taxation. Pursuant thereto the Director promulgated “Rules — County Boards of Taxation,” N.J.A.C. 18:12A-1.1 et seq. An examination of these rules fails *179 to disclose any procedure concerning the method of transmitting memorandas of judgment to taxpayers.[1]
Court rules to implement the 1979 amendment to N.J.S.A. 54:2-39, supra, were adopted to become effective simultaneously therewith and provide in pertinent part:
R. 8:4-1 — The time within which a complaint may be filed in the Tax Court is as follows:
(a) Local Property Tax Matters
(2) ... A complaint to review a judgment of a County Board of Taxation shall be filed within 45 days of the service of the judgment of the County Board of Taxation. Service, when by mail, shall be deemed complete as of the date the judgment is mailed, subject to the provisions of R. 1:3-3.
R. 8:4-2 — Calculation of Time for Filing.
(a) General. The time period shall be calculated from the date of service of the decision or notice of the action taken.
(b) Where Notice of Action is Mailed.
If notice of an action is mailed the time period within which a complaint for review may be filed shall be extended pursuant to R. 1:3-3.
Under R. 1:3-3, when service is made by mail and the party served is allowed a period of time after service within which to appeal, three days are added to the time period.
The above-cited statute and court rules also fail to prescribe any method of service of a county board judgment. Since the Legislature, the county board rules and the court rules do not prescribe any specific method of how to serve a memorandum of a county board judgment upon a party, any reasonable method of service that will afford notice to a party may be utilized. Absent a legislative enactment or a court rule contrary thereto, a required notice may be effectively given if properly mailed. Szczesny v. Vasquez, 71 N.J.Super. 347, 354, 177 A.2d 47 (App.Div.1962). By the adoption of R. 8:4-2(b) service by mail was implicitly authorized. Since there is no requirement that service by mail be registered or certified, forwarding judgments to the parties by regular mail is permissible.
*180 R. 8:4-l(a)(2), supra, provides that service by mail shall be deemed complete as of the date the judgment is mailed. Service by mail, when authorized, is deemed complete when the notice is deposited in the postoffice, properly addressed and with the proper amount of postage. 42 Am.Jur., Process, § 60 at 48; Borgia v. Board of Review, 21 N.J.Super. 462, 467, 91 A.2d 441 (App.Div.1952). This is true whether it is mailed by registered mail or regular mail. Hackensack v. Rubinstein, 37 N.J. 39, 47, 178 A.2d 625 (1962).
However, upon a motion to dismiss a complaint as having been filed out of time, the burden of proof to establish that a copy of the judgment was properly mailed to plaintiff is on the moving party.
In the instant case the administrator testified to the standard procedure of his office and stated that in accordance with that procedure the judgment was mailed to plaintiffs’ Jersey City address.
In Borgia it was held that establishment of the fact of the mailing of a notice may be accomplished by evidence of a custom with respect to the mailing of letters coupled with the testimony of the person whose duty it is to perform or carry out the custom. Id. 21 N.J.Super. at 467, 91 A.2d 441 (citing 20 Am.Jur., Evidence, § 1194 at 1046.) Subsequent to that decision, Ev.R. 49 was amended in 1967 whereby introduction of proof of custom is no longer conditioned upon a showing of corroborating circumstances to indicate that the habit or custom was followed in a particular instance. The rule now admits evidence of custom, “whether corroborated or not.” In the comment to the rule it is stated: “Such absence would merely go to the probative weight of the evidence that was offered. The old rule requiring corroboration would have defeated the purpose of Rule 49 and placed an unnecessary obstacle in the way of a party who had only circumstantial evidence of the conduct to offer.”
The administrator’s testimony was definite, positive and highly persuasive. In addition, the original petition to the county *181 board lends weight to his testimony. An examination of the petition discloses that plaintiffs’ postoffice address thereon is handwritten whereas the remainder of the petition is typewritten. The handwriting is different from either of plaintiffs’ signatures, both of which are affixed thereto.
From the testimony and evidence submitted I find that this county board’s procedure was as testified to by its administrator and that this procedure was followed in the instant appeal.
The general rule that there is a presumption that mailed material, correctly addressed, stamped and mailed, was received by the party to whom it was addressed, is rebuttable and it may be overcome by evidence that the notice was never in fact received. Szczesny, supra 71 N.J.Super, at 354, 177 A.2d 47.
Dr. Tolentino admitted he received the copy of the judgment by mail but denied it was mailed to his Jersey City residence, claiming instead that it was mailed to his temporary Oxford Township residence and he did not secure this mail until on or about November 1, 1979.
The county board judgment, a true copy of which was placed in evidence, is a one-page, simplified document which sets forth the judgment assessment figures followed by a paragraph in type different from and larger than the type contained in the body thereof, stating clearly:
REMARKS:
“The action of the county board of taxation may be reviewed by filing a complaint with the Tax Court within 45 days of the date of this judgment.”
Address: Tax Court of New Jersey is located at 447 Bellevue Avenue, Trenton, New Jersey 08618. Mailing address: P.O. Box 290, Trenton, New Jersey 08625.
DATED: October 16. 1979
This judgment clearly notified plaintiffs that their time to appeal was limited to within 45 days of the date of this judgment and its date of issuance was prominently set forth. Dr. Tolentino, who appeared pro se, is a medical doctor. From his testimony, his cross-examination of witnesses and his general demeanor in the conduct of this trial, it is obvious that he is an educated and intelligent person. If the judgment had been misaddressed by the county board, thereby allegedly shortening *182 his time for appeal, it is reasonable to assume that he would have retained the original envelope to corroborate his testimony. The envelope was never produced although plaintiffs were given an opportunity to submit it after trial. Nor was any other corroboration of plaintiffs’ allegation offered. Although Dr. Tolentino admitted that his certification alleging service of a copy of his complaint on the county board on November 29, 1979 was incorrect, he offered no explanation. It is interesting to note that this date is within the 45-day period of the county board’s judgment’s date, and had the original been filed with this court on that date, there would be no question concerning its having been filed within time.
N.J.A.C. 18:12A-1.6(a) requires that all petitions of appeal to the county board shall contain the name and address of the taxpayer. Where an appellant before a county board is not represented by an attorney, this court concludes that it is procedurally correct to mail the appellant’s copy of the judgment to appellant’s postoffice address as listed on the petition of appeal, and if no address is inserted thereon, it may be mailed to the postoffice address as listed on the municipal tax records. When it is established that this procedure has been complied with, in accordance with R. 8:4-l(a)(2), service shall be presumed to have been completed as of the date the judgment was mailed.
I further find that when plaintiffs filed their appeal with the county board they neglected to include on the petition their postoffice address. After the petition was received, plaintiffs’ Jersey City address, taken from the tax records, was inserted thereon by employees of the county board of taxation. A copy of the county board judgment was mailed to plaintiffs on October 16, 1979, addressed to their Jersey City address.
Having established that service was completed by mail on October 16, 1979, it is presumed by reason of R. 8:4-2(b) and R. 1:3-3 that the mailed copy of judgment was received within three days of mailing. Plaintiffs have failed to effectively rebut this presumption; therefore, I find that defendant has estab *183 lished by a preponderance of the evidence that the copy of the judgment was received by plaintiffs within three days of mailing. It is noted that even had the judgment been misaddressed, plaintiffs still had 33 days remaining to file their appeal.
The statutory requirements for the filing of appeals from judgments of county boards of taxation are strictly construed and they must be filed in a timely fashion. See Newark v. Fischer, 3 N.J. 488, 70 A.2d 733 (1950); Prospect Hill Apts. v. Flemington, 172 N.J.Super. 245, 411 A.2d 737, 1 N.J.Tax 224 (Tax Ct. 1979). Since plaintiffs’ complaint was not filed until December 13, 1979, it was filed beyond the statutory time limitation; therefore, this court is without jurisdiction.
By reason of the above conclusion it is unnecessary to rule on the effect of plaintiffs’ failure to serve a copy of their complaint upon the clerk of defendant municipality.
Defendant’s motion for summary judgment dismissing plaintiffs’ 1979 tax appeal is granted.

The rules were revised May 1, 1981 requiring county boards to transmit a written memorandum of their judgment to the taxpayer; however, no specific method of transmitting the judgment is prescribed.