NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS
TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 943-4761
TeleFax:  (609) 984-0805
taxcourttrenton2@judiciary.state.nj.us

June 23, 2017

Ronald Horowitz, Esq.
P.O. Box 353707
Palm Coast, Florida 32137

Jason A. Cherchia, Esq.
O'Donnell McCord, P.C.
1725 Highway 35, Suite C
Wall, New Jersey 07719

Re:      Horowitz <u>et al.</u> v. Township of Middletown
Block 812, Lot 10
<u>Docket No. 008358-2017</u>

Dear Counsel:

This is the court's opinion with respect to defendant's motion to dismiss the above-captioned complaint as being untimely filed.  Plaintiffs opposed the motion on grounds the judgment of the Monmouth County Board of Taxation ("County Board") was not served upon them or upon plaintiff husband's office as directed, and further, that there is no legally competent or credible proof of service.  The court finds defendant's assertions more credible, therefore, dismisses the complaint.

**FACTS**

Plaintiffs are the owners of the above captioned property ("Subject") located in defendant municipality ("Township").  For tax year 2017, they appealed the assessment of $710,700 imposed by the Township upon the Subject to the County Board.  The County Board issued a judgment

*

dated March 31, 2017, reducing the assessment to $695,000. On the judgment, the date of mailing was noted as April 13, 2017. Below that line was a notation that this was the "date judgment entered and mailed by County Board of Taxation."

Plaintiffs filed an appeal from the County Board's judgment to this court on June 5, 2017. The Township moved to dismiss the complaint as untimely by five days.

Plaintiffs opposed the motion, contending that the County Board's judgment was "**not** served on plaintiffs or at [plaintiff husband's] office, as required," therefore, their complaint which was filed "May 31, 2017" was timely.[1] Mr. Horowitz, who is also an attorney, certified that when he filed the County Board petition, he filled out Section 3 (the portion requiring listing of any other address or an attorney's address) "to reflect" that notifications should be sent to him at his Florida address. He claimed that after the March 7, 2017 hearing, he did not receive any mail, therefore, contacted the County Board on June 5, 2017 in this regard, at which time a County Board employee e-mailed him a copy of the County Board judgment. That judgment contained both plaintiffs' names and their New Jersey address. Plaintiffs argued that this showed improper service especially since R. 1:5-2 requires service upon an attorney by first class mail to the attorney's office, and further, service upon the "party" must be by both certified and regular mail, which was also not done by the County Board. Plaintiffs claimed that improper service, and lack of competent evidence of mailing (since the Tax Administrator did not certify to personally having mailed the judgment to plaintiffs) sufficed to establish good cause for relaxation of the statutory deadlines.

In reply, the County Board's Tax Administrator certified that the County Board had received plaintiffs' electronically filed petition of appeal on January 2, 2017. The mailing address

---

[1] This date is evidently incorrect since plaintiffs filed their complaint to this court on June 5, 2017.

was noted as "10 Brandywine Way, Middleton, NJ 07748." A New Jersey telephone number was also included. The petition form, which also included space for providing contact information "of person or attorney to be notified of hearing and judgment," was left blank. Thus, plaintiffs' petition to the County Board only contained their New Jersey address.

He also certified that on January 6, 2017, plaintiffs faxed and mailed a letter to the Tax Administrator requesting that the County Board use the address on the letterhead "for mail notices." That address was plaintiffs' Florida address. Thereafter, the County Board entered the additional Florida address in its computer system, which included the computerized "appeal filing system."

The Tax Administrator further certified that the County Board mailed its judgment to both addresses on Thursday, April 13, 2017. Neither mail was returned as undeliverable. He stated that his office's routine procedure, without fail or deviation, is to place judgments in an envelope with proper postage and send them on the date and to the address indicated on those judgments. He so certified in his capacity as an official responsible for the oversight of all official activities of the County Board including the "receipt, scheduling and mailing of judgments" in connection with appeal petitions for properties in Monmouth County.

**ANALYSIS**

N.J.S.A. 54:51A-9(a) provides that complaints seeking review of an adjudication or judgment of the county board of taxation shall be filed with the Tax Court within 45 days of the service of the judgment.

Pursuant to R. 8:4-1(a)(4), service of the judgment of the County Board, when by mail, is complete on the date the judgment is mailed. However, this is "subject to the provisions of R. 1:3-3." Rule 1:3-3 states that "when service of a notice or paper is made by ordinary mail, and a rule

3

or court order allows the party served a period of time after the service thereof within which to take some action, 3 days shall be added to the period."

The plain language of the statute indicates that the controlling date is the "service" of the judgment, not its receipt. This is in contrast with the term "filing" of the complaint with the Tax Court. A filing requires actual receipt by the court of the paper to be filed. R. 1:5-6(b)(7); R. 8:3-1(a); see also Pressler, Current New Jersey Court Rules, comment 2 on R. 1:5-6 ("It is clear that unlike service, which is complete upon mailing, filing can only be effected by the receipt of the filed paper by the designated office.").

Plaintiffs' assertions of improper service because the judgment was sent only to plaintiffs' New Jersey address is specious. Their complaint filed to this court included the County Board judgment, and that judgment clearly indicated the name as "Ronald Horowitz" and the address as the P.O. Box in Florida.

Also not credible is plaintiffs' assertion that the first time they received the County Board judgment was on June 5, 2017 when the County Board's employee e-mailed the same to them. Of note is the time the June 5, 2017 e-mail was shown as being sent by the employee: 4:46 p.m. However, plaintiffs' complaint to this court, which was electronically filed, shows an earlier time, 4:31:41 p.m. And that complaint attached the County Board judgment with plaintiffs' Florida address, not the judgment sent by the County Board's employee which had plaintiffs' New Jersey address. These facts also dispense with plaintiffs' argument that the Tax Administrator's certification of the routine office procedure of mailing judgments is not competent evidence that the County Board judgments were actually, and in fact, mailed to plaintiffs. In any event, the court finds the Tax Administrator's certification of routine office procedure over which he has supervisory authority to be competent and credible. See SSI Med. Servs. v. HHS, Div. of Med.

4

Assistance & Health Servs., 146 N.J. 614, 622-23 (1996) ("evidence of habit or routine practice," or "of office custom [with] corroboration that the custom was followed in a particular instance" can suffice as proof of the presumption of mailing).[2]  Thus, plaintiffs' argument that the County Board did not comply with R. 1:5-2 (service upon an attorney should be to the attorney's office by ordinary mail) is unavailing.

Equally unavailing is their argument that the County Board should have served them the judgement by certified and regular mail.  Neither N.J.S.A. 54:3-26 nor the regulations, N.J.A.C. 18:12A-1.12(a)(3)(iii), both of which require the county Board to "transmit a written memorandum of its judgments" defines the term "transmit."  See also Tolentino v. Township of Oxford, 4 N.J. Tax 173, 188 (Tax 1982) ("The Legislature did not set forth any specific direction as to the method of transmitting the memorandum . . . .").  In the absence of any guidance from the statute, regulations, or court rules on "any specific method of how to serve a memorandum of a county board judgment upon a party, any reasonable method of service that will afford notice to a party may be utilized."  Id. at 179.  Because under R. 8:4-2(b), the court rule governing calculation of time periods for filing, "service by mail was implicitly authorized" and further since "there is no requirement that service by mail be registered or certified, forwarding judgments to the parties by regular mail is permissible."  Ibid.

---

[2] A county board "should endeavor to send out judgments at the time decided or as soon thereafter as practical, and not hold them until the time for hearing and determining appeals has expired pursuant to N.J.S.A. 54:3-26, as extended by N.J.S.A. 54:3-26.1.  Earlier disposition will assist the Tax Court in the processing of its caseload."  N.J.A.C. 18:12A-1.12(b)(6).  This provision was inserted to "make clear that county boards of taxation should send out judgments before the time for hearing and determining appeals has expired."  35 N.J.R. 4850(a) (Oct. 20, 2003).  In light of this obligation, the court is unpersuaded that here, the Tax Administrator's office never mailed the judgment on April 13, 2017, and did so for the first time nearly two months later and then only because plaintiffs inquired about the same.

5

In sum, the court finds the County Board's Tax Administrator's certification credible in all aspects. Based on the record, the court finds that the Township has established the presumption of mailing of the County Board judgment on April 13, 2017 to plaintiffs' Florida address, and its receipt thereof by plaintiffs. Therefore, the court finds plaintiffs' complaint is untimely which deprives this court of subject-matter jurisdiction to decide the merits of the complaint since filing deadlines are considered statutes of limitation in the Tax Court and are strictly enforced. Mayfair Holding Corp. v. Township of North Bergen, 4 N.J. Tax 41, 41 (Tax 1982) (granting defendant's motion to dismiss plaintiff's appeal for lack of jurisdiction because it was filed one day after the last day prescribed by statute for filing the appeal); Sun Life Assurance Co. of Canada v. City of Orange, 2 N.J. Tax 25, 28 (Tax 1980) (denying plaintiff's motion to relax the statutory filing deadlines even with the adversary's consent).

## CONCLUSION

For the aforementioned reasons, the Township's motion is granted. Plaintiffs' 2017 complaint is dismissed with prejudice. An Order and Judgment in accordance with this opinion will be issued.

Very truly yours,

Mala Sundar, J.T.C.

6