**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0583-17T2

MY WAY B&G, INC., and
MASSIMINO RAPUANO,

     Plaintiff-Appellant,

v.

DIRECTOR, DIVISION OF
TAXATION,

     Defendant-Respondent.

_____

Submitted May 20, 2019 – Decided June 11, 2019

Before Judges Mitterhoff and Susswein.

On appeal from the Tax Court of New Jersey, Docket No. 016627-2013.

Law Offices of Lawrence W. Luttrell, attorneys for appellant (John R. Voohrees III, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Joseph A. Palumbo, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Massimino Rapuano appeals from the Tax Court's grant of summary judgment to defendant Division of Taxation ("Division"). Plaintiff contends that the Tax Court erred in granting summary judgment because a genuine issue of material fact exists regarding whether he was properly served with a tax assessment for his business, My Way B&G, Inc. ("My Way"). After giving due consideration to the competent evidence in the record, and in light of the prevailing legal principals, we affirm.

We derive the following facts from the record. On October 5, 1995, plaintiff incorporated My Way, a Subchapter S Corporation, registered to do business in New Jersey as of December 27, 1995. Plaintiff was the president and the sole officer and director of My Way.

In 2012, the Division audited My Way, finding that it had underreported its New Jersey Sales and Use Tax ("SUT"), New Jersey Gross Income Tax – Employer Withholding ("GIT-ER"), and Corporation Business Tax ("CBT") liabilities during the period of July 1, 2007 through June 30, 2011. On March 2, 2012, the Division mailed a Notice of Assessment Related to Final Audit Determination ("assessment") via certified mail, return receipt requested, to My Way's last-known business address of record. The assessment was signed for

2

by someone at the business address, although the recipient did not print his or her name beneath the signature.[1] The date of delivery was also left blank on the return receipt. The return receipt was received by the Division and scanned into its electronic record keeping system on June 11, 2012.

On September 15, 2012, the Division issued a Notice of Finding of Responsible Person Status and Demand for Payment ("Notice of RP Status") to plaintiff, demanding payment of $80,016.06.[2] On December 12, 2012, plaintiff filed an administrative protest with the Division, challenging the Notice of RP Status. A conference was held to address only plaintiff's challenge to the Division's finding that he was a responsible person for My Way and was thus jointly liable for the assessed trust fund taxes. On July 29, 2013, the Division issued a final determination confirming the finding of responsible person status and personal liability as to plaintiff in the amount of $84,729.

On October 28, 2013, plaintiff filed a complaint with the Tax Court challenging the assessment against My Way. The Division moved for summary

---

[1] The Tax Court noted that it appeared that the assessment addressed to My Way was signed for by someone with the last name "Rapuano."

[2] This amount represented New Jersey GIT-ER and SUT, both trust fund taxes, plus interest and penalties associated with My Way's audit.

A-0583-17T2

judgment, arguing that the only legal issue posed by plaintiff's complaint was the finding of responsible person status.

During oral argument, plaintiff conceded his status as a responsible person but claimed that the assessment had never been served on My Way, that the first notice he received of the assessment was the Notice of RP Status, and that the complaint was an appeal of the assessment to My Way. In light of the court's review of the complaint and finding that the complaint could be read as a challenge to the assessment, the court allowed the Division to supplement its motion to address the newly-raised question of service of the assessment. Plaintiff did not respond to the Division's supplemental motion for summary judgment.

By decision dated June 9, 2017, the Tax Court found that no genuine issues of material fact existed and that plaintiff was a responsible person for My Way. It also found that the Division properly served plaintiff with the Notice of Assessment, but plaintiff failed to file a timely appeal of the assessment. Accordingly, the court issued a judgment dismissing the complaint for lack of jurisdiction and affirming the assessment.

On July 7, 2017, plaintiff moved for reconsideration of the Tax Court's June 9, 2017 judgment. In denying the motion for reconsideration, the Tax

Court found that plaintiff "made no showing that the [c]ourt's decision was based upon a palpably incorrect or irrational basis" and "provided the [c]ourt with nothing suggesting that the court failed to consider or appreciate probative, competent evidence that was before it at the time of the initial motion." See R. 4:49-2.

The Tax Court reiterated its conclusion reached on summary judgment that "service was properly effectuated on My Way directly." The Division sent the assessment to My Way by certified mail, return receipt requested, to its last-known address. The mailing was received by someone at that address as evidenced by the signed return receipt card scanned into the Division's record keeping system on June 11, 2012. The court observed that the assessment mailed to My Way was "incontrovertibly signed for by someone at that address."

The Tax Court also found that the period for challenging the assessment ended "at the absolute latest" on or before September 9, 2012. Since plaintiff filed the complaint "well over a year past the statutory deadline," My Way failed to file a timely protest or complaint of the assessment. On September 11, 2017, the court issued an order, accompanied by a statement of reasons, denying plaintiff's motion for reconsideration and dismissing the complaint.

A-0583-17T2

On appeal, plaintiff argues that the trial court erred in granting summary judgment to the Division because an issue of material fact exists as to "whether . . . the certified mailing receipt produced by the Division of Taxation was sufficient to support their claim that the [p]laintiffs had been properly served so as to effectuate notice." Plaintiff contends that "he was never properly served and that he, nor any employee of his business, ever received the Notice of Assessment."

We review the trial court's grant of summary judgment de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

> [W]hen deciding a motion for summary judgment under Rule 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).]

We begin with the statutory requirement that "[a]ll notices of assessment related to final audit determination and 'Notice and Demand for Payment of Tax'

letters will be sent by registered or certified mail." N.J.S.A. 54:50-6.1. Relevant here, there is a distinction between certified mail and certified mail with return receipt requested:

> In the context of certified mail, it is important to note that there is a difference between the delivery receipt (which is maintained by the USPS) and a return receipt (which is returned to the sender). Return receipt service is not automatically part of certified mail service but rather is an optional service.
>
> [Green v. E. Orange, 21 N.J. Tax 324, 334 (2004).]

If a statute "does not require certified mail return receipt requested, a defective return receipt alone (i.e. one devoid of a signature and printed name of recipient) does not necessarily mean that the delivery is defective." Ibid. In addition, "the recipient [of certified mail] does not necessarily have to be the addressee. To the contrary, 'an addressee's mail may be delivered to an employee, to a competent member of the addressee's family, or to any person authorized to represent the addressee.'" Id. at 333-34 (quoting 58 Domestic Mail Manual § D042.2.1 (2003))

Furthermore, "[i]t is well settled that proof of the correct addressing and due posting of a letter raises the presumption that it was received by the addressee." Waite v. Doe, 204 N.J. Super. 632, 636 (App. Div. 1985).

A-0583-17T2

By force of statute or by agreement, a required notice may be effectively given if properly mailed, regardless of its receipt. Absent such a legislative enactment or contract provision respecting the method of giving notice, the general rule is that there is a presumption that mail matter correctly addressed, stamped and mailed was received by the party to whom it was addressed, which presumption is rebuttable and may be overcome by evidence that the notice was never in fact received. The rule is engendered by the probability that officers and employees of the postal department will do their duty, and by the regularity and certainty with which, according to common experience, the mail is delivered.

[Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App. Div. 1962) (citing Borgia v. Bd. of Review, 21 N.J. Super. 462 (App. Div. 1952)).]

Here, the trial court properly granted summary judgment to the Division because there is no issue of material fact as to whether the Division properly served the assessment on plaintiff. Despite plaintiff's contention that the certified mail return receipt is fatally defective because it is not completely filled out, a return receipt is not required by N.J.S.A. 54:50-6.1. The statute requires only that the assessment be sent via certified mail. Because N.J.S.A. 54:50-6.1 "does not require certified mail return receipt requested, a defective return receipt alone . . . does not necessarily mean that the delivery is defective." Ibid. Thus, that the return receipt is not completely filled out does not create a genuine

issue of material fact as to whether the assessment was properly served on plaintiff. See ibid.; N.J.S.A. 54:50-6.1.

Moreover, despite plaintiff's contention that the assessment was not delivered because he did not receive it,[3] plaintiff did not necessarily need to be the recipient in order for the certified mail to be effectively delivered. See Green, 21 N.J. Tax at 333-34. As found by the Tax Court and as is apparent from the return receipt in the record, the return receipt was signed for at the proper address, even though the name of the recipient was not filled in. It is a well-settled principal of law that there is a presumption that mail is received as long as it is correctly addressed, and plaintiff does not dispute that the assessment was mailed to My Way's correct business address. See Waite, 204

---

[3] In support of his argument on appeal, plaintiff provides certain records from the United States Postal Service website that purport to show that there is no tracking information available for the assessment that the Division mailed to plaintiff. These records were not submitted to the trial court in opposition to the motion for summary judgment and are therefore not properly part of the appellate record. See R. 2:5-4(a); Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283 (App. Div. 1984). In any event, the United States Postal Service only maintains tracking records for two years after the delivery. United States Postal Service, USPS Tracking – The Basics, https://faq.usps.com/s/article/USPS-Tracking-The Basics#How_does_USPS_Tracking_work (last visited May 29, 2019). Here, plaintiff attempted to retrieve the tracking information for the assessment in 2017 and 2018, by which time the United States Postal service would no longer have maintained the tracking information.

A-0583-17T2

N.J. Super. at 636. Thus, because plaintiff does not contest that the assessment was correctly addressed and the Division presented proofs that it mailed the assessment via certified mail, as required by N.J.S.A. 54:50-6.1, there is no dispute as to whether the Division properly served the assessment on plaintiff.

Based on its conclusion regarding service, the trial court also correctly concluded that plaintiff did not timely file his complaint. A complaint seeking review of an action of the Director of the Division of Taxation "shall be filed within 90 days after the date of the action sought to be reviewed." N.J.S.A. 54:51A-14; see also R. 8:4-1(b) ("Complaints seeking to review actions of the Director of the Division of Taxation . . . with respect to a tax matter . . . shall be filed within 90 days after the date of the action to be reviewed.").

"Statutes of limitations in tax statutes are strictly construed in order to provide finality and predictability of revenue to state and local government." Bonanno v. Dir., Div. of Taxation, 12 N.J. Tax 552, 556 (1992) "Where appeals have not been filed with this court within the time limit set forth in the statutes, this court lacks jurisdiction to hear them." Township of Bass River v. Driscoll, 3 N.J. Tax 177, 183 (Tax 1981).

Here, despite being required by N.J.S.A. 54:51A-14 and R. 8:4-1(b) to seek review within ninety days after receipt of the assessment, plaintiff did not

filed the instant complaint until October 2013, over one year after the Division noted in its system that the assessment was delivered. As plaintiff sought review well after the expiration of the ninety-day statute of limitations, the trial court correctly concluded that it lacked jurisdiction to hear the complaint.

For these reasons, the trial court properly granted summary judgment to the Division, dismissed plaintiff's complaint, and denied plaintiff's motion for reconsideration. To the extent we have not specifically addressed any arguments raised by plaintiff, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0583-17T2